FILED

2012 MAR 19 PM 3:19

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:___________

Jerry L. Steering; SBN 122509
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com

Attorney for plaintiff Andrea Heath

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ANDREA HEATH,

Plaintiff,

vs.

CITY OF DESERT HOT SPRINGS, ANTHONY SCLAFANI, PATRICK WILLIAMS, EDWIN SMITH, KATE SINGER, JASON SIMPSON, RICK DANIELS, GABRIELLA MENDOZA, GUSTAVO PAIZ, PAUL TAPIA and DOES 1 through 10, inclusive,

Defendants.

Case No. CV 12 - 02318 PSG (OPx)

COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983) RIGHT TO FREEDOM OF SPEECH, RIGHT TO PETITION GOVERNMENT FOR REDRESS OF GRIEVANCES ,

JURY TRIAL DEMANDED

**COMES NOW** the plaintiff and show this honorable court the following:

**JURISDICTIONAL ALLEGATIONS**

1. As this action is brought under 42 U.S.C. § 1983 this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. §1331.

2. As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Andrea Heath is a natural person who, at all times complained of in this action, resided in the, State of California; within the territorial jurisdiction of this court.

4. Defendant City Of Desert Hot Springs, hereinafter referred to as "CITY", is a municipal entity, located within the County of Riverside, State of California; within the territorial jurisdiction of this court.

5. Defendant ANTHONY SCLAFANI, hereinafter referred to as "SCLAFANI," is, and was at all times complained of in this action, a Sergeant and full time paid sworn police officer with the City Of Desert Hot Springs Police Department (hereinafter referred to as "DHSPD"). At all times complained of herein, SCLAFANI was an individual person, acting pursuant to his authority as a Sergeant with DHSPD, and was acting in the course of and within the scope of his employment with the CITY.


6. Defendant Patrick Williams, hereinafter referred to as "WILLIAMS", is, and was at all times complained of in this action, the Chief of Police of DHSPD, and a full time paid sworn police officer with DHSPD. At all times complained of herein, WILLIAMS was an individual person, acting pursuant to his authority as the Chief of Police of DHSPD, and was acting in the course of and within the scope of his employment with the CITY.

7. Moreover, at all times complained of herein, WILLIAMS was a top and final policy making official for the DHSPD, as the highest ranking police officer with that entity.

8. Defendant Edwin Smith, hereinafter referred to as "SMITH," is, and was at all times complained of in this action, a Commander and full time paid sworn police officer with DHSPD. At all times complained of herein, SMITH was an individual person, acting pursuant to his authority as a Commander with DHSPD, and was acting in the course of and within the scope of his employment with the CITY.

9. Defendant Kate Singer, hereinafter referred to as "SINGER," is, and was at all times complained of in this action, a Commander and full time paid sworn police officer with DHSPD. At all times complained of herein, SINGER was an individual person, acting pursuant to her

authority as a Commander with DHSPD, and was acting in the course of and within the scope of her employment with the CITY.

10. Defendant Jason Simpson, hereinafter referred to as "SIMPSON," is, and was at all times complained of in this action, the Assistant City Manager of defendant CITY. Moreover, during a substantial portion of the times and dates complained of in this action, SIMPSON, was acting City Manager for CITY, and as policymaker and final decision maker for CITY. At all times complained of herein, SIMPSON was an individual person, acting pursuant to her authority as a Commander with DHSPD, and was acting in the course of and within the scope of her employment with the CITY.

11. Defendant Rick Daniels, hereinafter referred to as "DANIELS," is, and was at all times complained of in this action, the City Manager of defendant CITY, and was a policymaker and final decision maker for CITY. At all times complained of herein, DANIELS was an individual person, acting pursuant to her authority as a Commander with DHSPD, and was acting in the course of and within the scope of her employment with the CITY.

12. Defendant Gabriella Mendoza, hereinafter referred to as "MENDOZA," is, and was at all times complained of in this action, a

Sergeant and full time paid sworn police officer with DHSPD. At all times complained of herein, MENDOZA was an individual person, acting pursuant to his authority as a Sergeant with DHSPD, and was acting in the course of and within the scope of his employment with the CITY.

13. Defendant Gustavo Paiz, hereinafter referred to as "PAIZ," is, and was at all times complained of in this action, a Sergeant and full time paid sworn police officer with DHSPD. At all times complained of herein, PAIZ was an individual person, acting pursuant to his authority as a Sergeant with DHSPD, and was acting in the course of and within the scope of his employment with the CITY.

14. Defendant PAUL TAPIA, hereinafter referred to as "TAPIA," is, and was at all times complained of in this action, a full time paid sworn police officer with DHSPD. At all times complained of herein, TAPIA was an individual person, acting pursuant to his authority as a Sergeant with DHSPD, and was acting in the course of and within the scope of his employment with the CITY.

15. DOES 1 through 5, inclusive, are police officers and/or supervisors and/or some other public officer / public official with and for CITY.

16. DOES 6 through 10, inclusive, are police officers and/or supervisors and/or CITY officials and/or some other public officer / public official with and for CITY.

17. At all times complained of herein, all of said natural defendants created and were acting pursuant to, the customs, policies, usages and practices of the ; for, *inter alia*: 1) retaliating against persons for exercising their first amendment right to freedom of speech; 2) retaliating against persons for testifying before federal and state Grand Juries about police misconduct by DHSPD officers and 3) retaliating against persons for exercising their first amendment right to petition the government for redress of grievances, such as complaining to police / law enforcement authorities police misconduct by DHSPD officers.

18. Accordingly, defendant is liable for plaintiff's injuries complained of in this action.

19. In addition to the above and foregoing, defendants SCLAFANI, WILLIAMS, SMITH, SINGER, SIMPSON, DANIELS, MENDOZA, PAIZ, TAPIA and said DOE defendants were acting pursuant to a conspiracy, agreement and understanding and common plan and scheme with others to deprive plaintiff of her federal and

state law constitutional rights as described below, and acted in joint and concerted action to so deprive the plaintiff of her constitutional rights as set forth below; all in violation of 42 U.S.C. § 1983, and otherwise in violation of California state law.

20. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a legal cause of the violation of the plaintiff's constitutional rights, as set forth below.

FIRST CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 1983
Violation Of First Amendment Right To
Freedom Of Speech
(Against all defendants)

21. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 19, inclusive, above, as if set forth in full herein.

22. On or about June 26, 1997 plaintiff Andrea Heath began her employment as a DHSPD full-time sworn police officer with defendant CITY.

23. Plaintiff quickly learned to perform the job of police officer, and had an excellent reputation for doing her job well; as she did.

24. On or about April 19, 2005, pursuant to an Internal Affairs Investigation of complaints of brutality by DHSPD officers, plaintiff

met with Investigator Dan Tregarthen, who was doing said investigation.

25. Plaintiff told Investigator Dan Tregarthen of various incidents in which DHSPD officers falsely arrested and used excessive force upon persons.

26. Plaintiff noticed immediately afterwards that her fellow DHSPD officers stopped communicating with her, that she was getting little to no back-up on her police calls for services, that she was being called a "rat", and noticed comments about her wanting to "eat cheese".

27. On April 11, 2007 plaintiff met with FBI agents Steve Novak and Unites States Civil Rights Attorney Lamar Baker regarding investigations of Assault under Color of Authority by several DHSPD officers.

28. Plaintiff reported the police brutality caused by Lieutenant David Henderson (retired police officer from DHSPD).

29. Plaintiff also reported the use of excessive force with an X26 Tazer and other Civil Rights violations perpetrated against civilians by defendant DHSPD Sergeant Anthony Sclafani on the same date.

30. Plaintiff noticed immediately after speaking to the FBI agents, that she was being treated differently by the other DHSPD officers in

the department. Plaintiff noticed that none of her fellow officers were speaking to her, making remarks about plaintiff "ratting" them out.

31. On or about February 7, 2008 plaintiff was officially demoted to a patrol officer. She was told that her position as Investigator for Sexual Assault / Child Abuse was eliminated. Her pay was decreased by 5%.

32. The position was given to new hire non-sworn person, as the position was not eliminated as plaintiff was previously told.

33. SCLAFANI was also then promoted to Administration Sergeant. He was in charge of Patrol, scheduling, training, armory, issuing weapons, hire of new police officers &termination of employee's, vehicles, and ordering supplies.

34. Sgt. Sclafani directed other officers them to make plaintiff take all of the reports because he felt I needed additional training, which was not the case.

35. Plaintiff continued to get little or no back-up on her calls for service; jeopardizing her life.

36. On May 23, 2008 plaintiff met defendant SCLAFANI in his office. He asked plaintiff what she had spoken to the FBI about.

37. SCLAFANI was upset and asked plaintiff what she had seen of his torturing of a female arrestee; Angelica Vargas.

38. SCLAFANI referred to Angelica Vargas, and told plaintiff that he said he didn't think it was right that he was facing going to prison for a "piece of shit", who was "banging on the jail wall."

39. SCLANFANI said WILLIAMS were looking for reasons to fire employee's that had been there because he wanted to hire new police officers.

40. SCLAFANI told plaintiff that she needed to look out. He said plaintiff should really look into applying at a new department.

41. Thereafter, pursuant to a conspiracy to fire the plaintiff from her position as a police officer with the DHSPD, SCLAFANI, WILLIAMS, SMITH, SINGER, SIMPSON, DANIELS, MENDOZA, PAIZ, TAPIA and said DOE defendants, engaged in acts of harassment, humiliation, making false complaints about the plaintiff, and deliberately failed to back the plaintiff up in the field; jeopardizing the plaintiff's life, and causing her to fear for her life.

42. On December 10, 2009, plaintiff testified before a Federal Grand Jury at the United States District Court Courthouse at 312 North Springs St. Los Angeles, CA 90012 about constitutional violations by various DHSPD officers, including SCLAFANI.

42. On December 23, 2009 plaintiff was placed on a discipline program called P.I.P. Performance Improvement Plan and was given an evaluation for the periods of 01/01/07 to 08/20/09. This was purely retaliatory for testifying before a federal grand, and for continuing to provide information to the United States Attorney's Office and the FBI about constitutional violations by DHSPD officers.

42. On March 18, 2010, plaintiff went on leave due to stress. The stress was caused by the defendants retaliating against her.

43. On September 12, 2011, plaintiff was given a Skelly Hearing to determine whether or not she was fit to remain a peace officer at DHSPD.

44. Plaintiff received a bogus hearing which was run by some of the individuals conspiring against her, including SIMPSON.

45. At said hearing, plaintiff informed the hearing officers that she was fit to return to work, however, she could no longer work with SCLAFANI, because she was fearful for her life.

46. The hearing officer found that plaintiff was incapacitated.

47. On February 2, 2012, plaintiff received a letter from DHSPD informing her that she was officially no longer an employee of the City of Desert Hot Springs as of October 21, 2011.

48. All defendants acted in a conspiracy with an understanding that they were going to have plaintiff terminated, in retaliation for her talking to the F.B.I., her participation in the internal affairs investigations and testifying against her fellow officers.

49. A substantial or motivating factor in the decision of defendants in taking the actions against the plaintiff complained of above, was plaintiff's exercise of constitutionally protected free speech as described above.

50. As a direct and proximate result of defendant's actions, above-referenced, plaintiff was substantially mentally and emotionally injured, and plaintiff incurred medical and psychological costs/bills and expenses, lost wages, lost benefits, lost pension monies/benefits attorney's fees and other special and general damages and expenses; all in an amount to be proven at trial; in excess of $3,000,000.00.

51. The actions by said defendants were done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages in an amount to be shown at trial, in excess of $2,000,000.00.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
Violation Of First Amendment Right To
Petition Government For Redress Of Grievances
(Against all defendants)

52. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 51, inclusive, above, as if set forth in full herein.

53. Plaintiff's conduct in complaining to the F.B.I., Internal Affairs and testifying against other DHSPD Officers was protected under the first amendment's right to petition the government for redress of grievances.

54. A substantial or motivating factor in the decision of defendants in taking the actions against the plaintiff complained of above, was plaintiff's exercise of her constitutional right to complain to and to protest to government officials, as described above.

55. As a direct and proximate result of defendants' actions, above-referenced, plaintiff was substantially mentally and emotionally injured, and plaintiff incurred medical and psychological costs/bills and expenses, lost wages, lost benefits and lost pension monies/benefits and attorney's fees and other special and general damages and expenses; all in an amount to be proven at trial; in excess of $3,000,000.00.

56. The actions by said defendants were done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages in an amount to be shown at trial, in excess of $2,000,000.00.

WHEREFORE, plaintiff prays for judgment as follows:

1. That plaintiff be awarded a judgment against all defendants for compensatory damages in an amount in to be proven at trial, in excess of $3,000,000.00;

2. That plaintiff be awarded a judgment against defendants for punitive / exemplary damages in an amount in to be proven at trial, in excess of $2,000,000.00.
3. That plaintiff be awarded prejudgment interest;
4. That plaintiff be awarded attorney's fees and costs of suit herein;
5. That plaintiff be given a trial by jury;
6. That this honorable court make and award such other relief as this honorable court deems just and equitable.

Jerry L. Steering

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ANDREA HEATH,

**DEFENDANTS**
CITY OF DESERT HOT SPRINGS, ANTHONY SCLAFANI, PATRICK WILLIAMS, EDWIN SMITH, KATE SINGER, JASON SIMPSON, RICK DANIELDS, GABRIELLA MENDOZA, GUSTAVO PAIZ, PAUL TAPIA

and DOES 1 through 10, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jerry L. Steering, Esq., SBN 122509; Tel: (949) 474-1849
Law Offices of Jerry L. Steering
4063 Birch Street, Suite 100, Newport Beach, CA 92660

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only** (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT: $** 10,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Federal Constitutional Rights Under Color Of State Law (42 U.S.C. Section 1983)

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☑ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV 12 - 02318 PSG (OPx)

**FOR OFFICE USE ONLY:** Case Number: ______________________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ______ **Date** March 19, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

**CV12- 2318 PSG (OPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.