1   Laura J. Kalty, Bar No. 199520
    lkalty@lcwlegal.com
2   Danielle G. Eanet, Bar No. 251369
    deanet@lcwlegal.com
3   LIEBERT CASSIDY WHITMORE
    A Professional Law Corporation
4   6033 W. Century Boulevard, 5th Floor
    Los Angeles, California 90045
5   Telephone:  (310) 981-2000
    Facsimile:   (310) 337-0837
6
    Attorneys for Defendants
7   City of Desert Hot Springs, Patrick
    Williams, Edwin Smith, Kate Singer,
8   Jason Simpson, Rick Daniels, Gabriella
    Mendoza and Gustavo Paiz
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13   ANDREA HEATH,                    | Case No. CV12-02318 PSG (OPx)

14              Plaintiff,            | Assigned to Judge Philip S. Gutierrez
                                      | Courtroom: 880
15   v.                               | First Amended Complaint Filed:
                                      | June 28, 2012
16   CITY OF DESERT HOT SPRINGS,
     ANTHONY SCLAFANI, PATRICK
17   WILLIAMS, EDWIN SMITH, KATE      | **CITY DEFENDANTS' NOTICE OF
     SINGER, JASON SIMPSON, RICK      | MOTION AND MOTION TO
18   DANIELS, GABRIELLA MENDOZA,      | DISMISS UNDER RULE 12(b)(6)
     GUSTAVO PAIZ, PAUL TAPIA and     | AND MOTION FOR MORE
19   DOES 1 through 10, inclusive,    | DEFINITE STATEMENT UNDER
                                      | RULE 12(e); MEMORANDUM OF
20              Defendants.           | POINTS AND AUTHORITIES**

21                                    | [Filed Concurrently with Defendants'
                                      | Request for Judicial Notice,
22                                    | Compendium of California Authority,
                                      | Notice of Interested Parties and
23                                    | [Proposed] Order]

24                                    | Date:        October 29, 2012
                                      | Time:        1:30 p.m.
25                                    | Courtroom: 880

26

27   ///

28   ///

614165.13 DE030-019

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

## NOTICE OF MOTION

**TO THE COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 29, 2012 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 880 of the above-entitled court, located at 255 East Temple Street, Los Angeles, California 90012, Defendants CITY OF DESERT HOT SPRINGS ("City"), PATRICK WILLIAMS, EDWIN SMITH, KATE SINGER, JASON SIMPSON, RICK DANIELS, GABRIELLA MENDOZA AND GUSTAVO PAIZ ("City Defendants") will move this Court to dismiss Plaintiff Andrea Heath's First Amended Complaint ("FAC") pursuant to FRCP Rule 12(b)(6) as follows:

**The Individual Defendants:**

1.    The entire FAC as against Defendants Williams, Smith, Singer, Simpson, Daniels, Mendoza and Paiz in their official capacities as it is duplicative of the claims against the City;

2.    Plaintiff fails to allege facts sufficient to state a claim against the individual Defendants;

3.    The First and Second claims for violation of 42 U.S.C. §1983 as to the individual Defendants because they are entitled to qualified immunity;

4.    The Third claim against the individual Defendants because individuals are not liable under Labor Code §1102.5;

5.    The Fourth claim against the individual Defendants because only an employer can be held liable for wrongful termination in violation of public policy;

6.    The Fifth and Sixth claims against the individual Defendants because there is no individual liability under Government Code §§3300 *et seq.* ("POBR");

7.    The Seventh claim against the individual Defendants because there is no individual liability for discrimination or the failure to reasonably accommodate under the Fair Employment and Housing Act, Government Code §12900 *et seq.*

///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

614165.13 DE030-019

- 2 -

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1   **First and Second Claims, 42 U.S.C. §1983:**

2   8.   The First and Second claims for violation of 42 U.S.C. §1983 as to the

3   City Defendants insofar as it asserts any claim under the 1st Amendment because

4   Plaintiff has not alleged, and cannot allege, that her speech/petition was made as a

5   private citizen and not as a public employee;

6   9.   The First and Second claims for violation of 42 U.S.C. §1983, as to the

7   City on the grounds that Plaintiff has not alleged a policy, practice or custom of the

8   City that caused a violation of Plaintiff's constitutional rights.  As to the individual

9   Defendants, Plaintiff has not set forth any specific allegations as to their personal

10   involvement in the deprivation of Plaintiff's constitutional rights;

11   10.   The First and Second claims for violation of 42 U.S.C. §1983, as to the

12   City because as a matter of law the acts complained of were not performed by a

13   final "policymaker;"

14   11.   The First and Second claims for violation of 42 U.S.C. §1983, as to all

15   Defendants are barred by the one year statute of limitations.

16   **Third Claim:**

17   12.   The Third claim for retaliation under Labor Code §1102.5 as to the

18   City Defendants because Plaintiff fails to allege she exhausted her administrative

19   remedies;

20   13.   The Third claim for retaliation under Labor Code §1102.5 as to the

21   City Defendants because Plaintiff failed to exhaust her administrative remedies and

22   is barred from doing so by the statute of limitations;

23   **Fourth Claim:**

24   14.   The Fourth claim for wrongful termination in violation of public

25   policy as to the City because the City is immune from liability;

26   15.   The Fourth claim for wrongful termination in violation of public

27   policy as to the City Defendants because Plaintiff failed to exhaust her

28   administrative remedies;

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

**Fifth and Sixth Claims:**

16.   The Fifth and Sixth claims as to the City Defendants for violations of Government Code §§3300 *et seq.* because Plaintiff fails to state a claim;

17.   The Fifth and Sixth claims as to the City Defendants for violations of Government Code §§3300 *et seq.* because the claims are barred by laches;

**Third, Fourth, Fifth and Sixth Claims:**

18.   The Third, Fourth, Fifth and Sixth claims because Plaintiff failed to allege compliance with the Tort Claims Act;

19.   The Third, Fourth, Fifth and Sixth claims because they are barred by the statute of limitations;

20.   The Third, Fourth, Fifth and Sixth claims because Plaintiff failed to file a timely Tort Claim.

**PLEASE TAKE FURTHER NOTICE** that the City Defendants will move this Court pursuant to FRCP Rule 12(e) as follows:

For a more definite statement as to the Second, Third, Fourth, Fifth, Sixth and Seventh claims for Relief on the grounds that because Plaintiff's claims are vague and ambiguous, Defendants cannot reasonably respond.

In accordance with Local Rule 7-3, on July 26, 2012, counsel for the City Defendants emailed and mailed a meet and confer letter to Plaintiff's counsel.  On August 7, 2012, the Ninth Circuit Court of Appeal issued its decision in *Dahlia v. Rodriguez*, Case No. 10-55978, 2012 DJDAR 10898, 2012 WL 3185693 (9th Cir. Aug. 7, 2012).  Thereafter, on August 13, 2012, counsel for the City Defendants sent a follow up meet and confer email to Plaintiff's counsel.  To date, counsel for the City Defendants has not received any response to their efforts to meet and confer.

///

///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

1    This Motion is based on this Notice of Motion, the attached Memorandum of

2    Points and Authorities, the Compendium of Authority filed herewith, the separately

3    filed Request for Judicial Notice, all pleadings, papers, and records on file herein,

4    and any other matters or evidence that may be presented at or before the hearing on

5    this Motion.

6

7    Dated:  August 20, 2012                              LIEBERT CASSIDY WHITMORE

8

9    By:

10                                                        Laura J. Kalty
                                                          Danielle G. Eanet
11                                                        Attorneys for Defendants
                                                          City of Desert Hot Springs, Patrick
12                                                        Williams, Edwin Smith, Kate Singer,
                                                          Jason Simpson, Rick Daniels,
13                                                        Gabriella Mendoza and Gustavo Paiz

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W Century Boulevard, Suite 500
Los Angeles, CA  90045

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................1

II.     SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT ...........2

     A.     Allegations Related to Plaintiff's Employment with the City ..............2

     B.     Allegations Related to Plaintiff's Purported Protected Speech............3

III.    LEGAL STANDARDS APPLICABLE TO FRCP RULE 12 MOTIONS .................................................................................................5

IV.     THIS COURT SHOULD DISMISS PLAINTIFF'S §1983 CLAIMS ...........6

     A.     Plaintiff's First Claim Fails Because Her Speech Was Made in Her Capacity as a Public Employee and Not a Private Citizen.............6

     B.     Plaintiff's Second Claim is also Barred under Dahlia ..........................8

     C.     Plaintiff's §1983 Claims Against the City Fail Because Plaintiff Does Not Adequately Allege that Her Claimed Injuries Were Because of Any Official Policy, Custom or Practice .........................9

     D.     Liability Against the Individual Defendants Cannot Be Established Since They Were Not "Final Policymakers" for the City .......................................................................................... 10

     E.     Plaintiff's §1983 Claims are Barred by the Statute of Limitations.... 11

V.      THE INDIVIDUAL DEFENDANTS SHOULD BE DIMISSED ............... 12

     A.     The Claims against Williams, Smith, Singer, Simpson, Daniels, Mendoza, and Paiz are Duplicative of the Claims Against the City ........................................................................................ 12

     B.     The Claims Against the Individual Defendants Should be Dismissed as They are Factually Insufficient ................................. 12

     C.     Plaintiff's §1983 Claims Against the Individual Defendants Fail Because They Are Entitled to Qualified Immunity............................ 13

     D.     Plaintiff Fails to State a Claim for Violation of Government Code Sections 3300 et seq. Against the Individual Defendants Because There Is No Individual Liability Under the POBR.............. 16

     E.     Plaintiff Fails to State a Claim for Violation of Government Code Section 12940(m) Against the Individual Defendants.............. 17

VI.     PLAINTIFF'S THIRD CLAIM FOR RETALIATION UNDER LABOR CODE §1102.5 FAILS TO STATE A CLAIM ............................ 17

     A.     Plaintiff Fails to Allege Exhaustion of Administrative Remedies ..... 17

     B.     Plaintiff Failed to Exhaust Administrative Remedies and is Barred From Doing So By the Applicable Statute of Limitations ..... 18

     C.     There is No Individual Liability Pursuant to Labor Code §1102.5 .................................................................................... 18

VII.    THE FOURTH CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY FAILS TO STATE A CLAIM.......... 19

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

# TABLE OF CONTENTS
## (continued)

Page

A. Supervisors Cannot Be Held Individually Liable ................................. 19

B. The City is Immune from Liability for Wrongful Termination ......... 20

C. Plaintiff Failed to Exhaust Her Administrative Remedies ................. 20

VIII. PLAINTIFF'S THIRD THROUGH SIXTH CLAIMS FAILED TO COMPLY WITH THE CALIFORNIA TORT CLAIMS ACT ................... 21

A. Plaintiff failed to Allege Compliance with the Tort Claims Act ....... 21

B. Plaintiff's Allegations Contained in Her Tort Claim are Barred by the Statue of Limitations ................................................................. 21

C. Plaintiff Failed to File a Timely Tort Claim ...................................... 22

IX. PLAINTIFF'S FIFTH AND SIXTH CLAIMS MUST BE DISMISSED ................................................................................................ 22

A. Plaintiff Cannot State a Claim for Retaliation Pursuant to Government Code Section 3300, et seq ............................................... 22

B. The POBR Claims Are Not Timely ..................................................... 23

X. ALTERNATIVELY THE CITY DEFENDANTS' RULE 12(E) MOTION FOR MORE DEFINITE STATEMENT SHOULD BE GRANTED ............................................................................................... 24

XI. CONCLUSION ............................................................................................ 25

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Adams v. Johnson*
   355 F.3d 1179 (9th Cir. 2004)............................................................. 6

*Anderson v. Creighton*
   483 U.S. 639............................................................................... 14, 15

*Baker v. Racansky*
   887 F.2d 183 (9th Cir. 1989)......................................................... 4, 7, 15

*Balistreri v. Pacifica Police Dept.*
   901 F.2d 696 (9th Cir. 1990)........................................................... 5, 13

*Barren v. Harrington*
   152 F.3d 1193 (9th Cir. 1998)............................................................ 12

*Borough of Duryea, Pa. v. Guarnieri*
   U.S. 131 S.Ct. 2488 (2011)................................................................. 8

*Bouma v. Trent*
   Case No. CV-10-0267-PHX-NVW, 2010 WL 1531171
   (D. Ariz. Apr. 15, 2010)..................................................................... 8

*Bragg v. East Bay Regional Park District*
   2003 WL 23119278 (N.D.Cal. 2003) ................................................. 20

*Brewster v. Board of Education*
   149 F.3d 971 (9th Cir. 1988)...................................................... 14, 15, 16

*Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*
   344 F.3d 822 (9th Cir. 2003)............................................................. 11

*City of Canton v. Harris*
   489 U.S. 378 (1989)...................................................................... 9, 10

*City of St. Louis v. Praprotnik*
   485 U.S. 112 (1998)........................................................................... 9

*Connick v. Myers*
   461 U.S. 138 (1983)......................................................................... 15

*Costello v. United States*
   (1961) 365 U.S. 265....................................................................... 23

*Dahlia v. Rodriguez*
   No. 10-55978/WL 3185693 (9th Cir. 2012) ............................ 1, 6, 7, 8, 9

*Delia v. City of Rialto*
   621 F.3d 1069 (9th Cir. 2010)........................................................... 10

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

# TABLE OF AUTHORITIES
## (continued)

Page

*Eng v. Cooley*
552 F.3d 1062 (9th Cir. 2009)...................................................................... 6

*Famolare, Inc. v. Edison Bros. Stores, Inc.*
525 F. Supp. 940 (E.D. Cal. 1981)............................................................... 24

*Freitag v. Ayers*
(9th Cir. 2006) 468 F.3d 528........................................................................ 6

*Garcetti v. Ceballos*
547 U.S. 410 (2006) ..................................................................................... 15

*Graham v. Connor*
490 U.S. 386 (1989) ..................................................................................... 12

*Hafer v. Melo*
502 U.S. 21(1991)......................................................................................... 12

*Hall v. Apartment Inv. and Management Co.*
2008 WL 5396361 (N.D.Cal., 2008) .......................................................... 18

*Harlow v. Fitzgerald*
457 U.S. 800 (1982) ............................................................................... 13, 15

*Hernandez v. McClanahan*
996 F.Supp. 975 (N.D.Cal. 1998) ............................................................... 21

*Huppert v. City of Pittsburg*
574 F.3d 696 (9th Cir. 2009)........................................................................ 6

*Ivey v. Board of Regents*
673 F.2d 266 (9th Cir. 1982) ....................................................................... 10

*Jones v. Williams*
297 F.3d 930 (9th Cir. 2002)........................................................... 12, 17, 19

*King County v. Rasmussen*
299 F.3d 1077 (9th Cir. 2002)...................................................................... 9

*Mangold v. California Public Utilities Com'n*
67 F.3d 1470 (9th Cir. 1995)....................................................................... 21

*Mitchell v. Forsyth*
472 U.S. 511 (1985) ..................................................................................... 14

*Monell v. Dept. of Soc. Servs.*
436 U.S. 658 (1978) ..................................................................................... 9

*Morris v. Philadelphia Housing Authority*
Case No. 10-5431, 2011 WL 3273475 (E.D.Pa. July 29, 2011) ............... 8

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

- iv -

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

# TABLE OF AUTHORITIES
## (continued)

**Page**

*National R.R. Passenger Corp. v. Morgan*
536 U.S. 101 (U.S., 2002) ........................................................................ 11

*Neveu v. City of Fresno*
392 F.Supp.2d 1159 (E.D. Cal. 2005) ..................................................... 17

*Ortega v. O'Connor*
764 F.2d 703 (9th Cir. 1985) .................................................................. 21

*Pearson v. Callahan*
555 U.S. 223 (2009) ................................................................................ 14

*Posey v. Lake Pend Oreille School Dist. No. 84*
(9th Cir. 2008) 546 F.3d 1121 .................................................................. 6

*Rendish v. City of Tacoma*
(9th Cir. 1997) 123 F.3d 1216 .................................................................. 8

*Rinker v. Napa County*
831 F.2d 829 (9th Cir. 1987) .................................................................. 12

*Robertson v. Dean Witter*
749 F.2d 503 (9th Cir. 1984) .................................................................. 13

*Roper v. Poma*
Case No. CV 07-316 CAS (Ex), 2009 WL 1788426 (C.D.Cal. June 22, 2009) .... 8

*Saucier v. Katz*
533 U.S. 194 (2001) ................................................................................ 14

*Schmier v. US Court of Appeals for the Ninth Circuit*
279 F.3d 817 (9th Cir. 2002) .................................................................... 6

*Shah v. County of Los Angeles*
Case No. 10–56284, ___ Fed.Appx. ___, 2012 WL 892440
(9th Cir. Mar. 16, 2012) ............................................................................ 8

*Soules v. Kauaians for Nukolii Campaign Committee*
(9th Cir. 1988) 849 F.2d 1176 ................................................................ 23

*Sprewell v. Golden State Warrior*
266 F.3d 979 (9th Cir. 2001) .................................................................... 5

*Thompson v. City of Los Angeles*
885 F.2d 1439 (9th Cir. 1989) .................................................................. 9

*Thorsted v. Kelly*
858 F.2d 571 (9th Cir. 1988) .................................................................. 14

*Trevino v. Gates*
99 F.3d 911 (9th Cir. 1996) ...................................................................... 9

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1

**TABLE OF AUTHORITIES**
**(continued)**

2

Page

3

4

*Will v. Michigan Dept. of State Police*
  491 U.S. 58 (1989) ................................................................................ 12

5

**State Cases**

6

7

*Ard v. County of Contra Costa*
  93 Cal.App.4th 339 (2001) .................................................................... 21

8

*Blair v. Superior Court*
  218 Cal.App.3d 221 (1990) .................................................................... 22

9

10

*Campbell v. Regents of the University of California*
  35 Cal.4th 311 (2005) ............................................................................ 17

11

*Carlson v. Department of Fish & Game*
  68 Cal.4th 1268 (1998) .......................................................................... 11

12

13

*Fall River Joint Unified School District v. Superior Court*
  206 Cal.App.3d 431 (1988) .................................................................... 22

14

*Jones v. Lodge at Torrey Pines P'ship*
  42 Cal.4th 1158 (2008) .................................................................... 17, 19

15

16

*Miklosy v. Regents of the Univ. of California*
  44 Cal.4th 876 (2008) ...................................................................... 19, 20

17

*Munoz v. State of California*
  33 Cal.App.4th 1767 (1995) .................................................................. 21

18

19

*Palmer v. Regents of Univ. of California*
  107 Cal.App.4th 899 (2003) .................................................................. 20

20

*Patten v. Grant Joint Union High School District*
  134 Cal.App.4th 1378 ............................................................................ 19

21

22

*Reno v. Baird*
  18 Cal.4th 640 (1998) ............................................................................ 17

23

*Ross v. San Francisco Bay Area Rapid Transit District*
  146 Cal.App.4th 1507 (2007) ................................................................ 20

24

25

*Steinert v. City of Covina*
  146 Cal.App.4th 458 (2006) .................................................................. 23

26

*Tameny v. Atlantic Richfield Co.*
  27 Cal.3d 167 (1980) ......................................................................... 19, 20

27

28

*Upland Police Officers Assn. v. City of Upland*
  111 Cal.App.4th 1294 (2003) ................................................................ 23

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

- vi -

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

# TABLE OF AUTHORITIES
## (continued)

Page

*Watson v. California*
  21 Cal.App.4th 836 (1993) ................................................................................. 22

**Statutes**

42 U.S. C. § 1983 ................................................ 1, 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 16

California Government Code § 810 ...................................................................... 21

Government Code § 815(a) ................................................................................. 20

California Government Code § 910 ............................................................... 21, 22

California Government Code § 912.4 ................................................................... 21

California Government Code § 912.8 ................................................................... 21

California Government Code § 945.4 ................................................................... 21

California Government Code § 945.6 ................................................................... 21

California Government Code § 3303 ............................................ 1, 16, 22, 23

California Government Code § 3309.5 ................................................................. 16

California Government Code § 3309.5(e) ............................................................ 16

California Government Code § 12900 ................................................................. 17

California Government Code § 12940(m) ..................................................... 1, 17

Code of Civil Procedure §350 ............................................................................. 11

Labor Code § 98.7 ............................................................................................... 18

Labor Code § 1102.5 ....................................................... 1, 2, 3, 17, 18, 19, 22, 24

Labor Code § 1102.5(b) ...................................................................................... 19

Labor Code § 1104 .............................................................................................. 18

**Rules**

Federal Rules of Civil Procedure Rule 12 ............................................................ 5

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................ 2, 5, 24

Federal Rules of Civil Procedure Rule 12(e) ...................................................... 24

-vii-

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

# TABLE OF AUTHORITIES
## (continued)

**Page**

Federal Rules of Civil Procedure Rule 12(g)(1) ....................................................... 24

**Constitutional Provisions**

First Amendment .......................................................................... 3, 6, 7, 8, 9, 16, 24

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff Andrea Heath seeks to recover for alleged retaliation arising from a report of her purported observations of City of Desert Hot Springs ("City") police officers' alleged excessive use of force.  In her First Amended Complaint ("FAC"),[1]  Plaintiff claims she was demoted, placed on a performance improvement plan, required to attend training and subjected to harassment in violation of 42 U.S.C. §1983, Labor Code section 1102.5, and Government Code section 3300 *et seq*.  Plaintiff also alleges she was wrongfully demoted and terminated and suffered from a temporary mental condition which Defendants failed to accommodate in violation of Government Code section 12940(m).  The reality, however, is that this is nothing more than the story of a poorly performing employee, who the City made every effort to train and bring up to standards, and who after extensive leaves of absence from the City (which the City accommodated) was found not fit for duty and retired on disability.  While it is premature to address the defensible facts of this case, the City Defendants[2] assert that as a matter of law Plaintiff's entire complaint must be dismissed.

The majority of the FAC centers on two §1983 claims, alleging retaliation for purported protected speech and right to petition.  The Ninth Circuit's recent decision in *Dahlia v. Rodriguez,* No. 10-55978 (9th Cir. 2012), mandates that this action be dismissed.  Plaintiff cannot show that her speech/petition was made as a private citizen, and not as part of her duties as a police officer/public employee.  Plaintiff also will not be able to show that the City had any policy, custom or practice resulting in a constitutional deprivation as a matter of law or that the acts complained of were performed by a final "policymaker."  Further, the §1983 claims

---

[1] While an original complaint was apparently filed on or about March 19, 2012, Plaintiff never served this complaint.
[2] The City Defendants include the City, former Chief of Police Patrick Williams, former Commander Edwin Smith, former Commander and current Chief of Police Kate Singer, former Assistant City Manager Jason Simpson, City Manager Rick Daniels, and Sgts. Gabriella Mendoza and Gustavo Paiz.

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

1    are barred by the one year statute of limitations.

2         Plaintiff's remaining state law claims, the Third through Seventh claims,

3    must also be dismissed as set forth in the Notice of Motion and as detailed herein.

4    **II.    SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

5         **A.    Allegations Related to Plaintiff's Employment with the City**

6         Plaintiff was hired by the City as a police officer on June 26, 1996[3]. (FAC, ¶

7    23.)[4]  Plaintiff took a leave from work pursuant to the California Family Leave Act

8    from July 2007 through February 7, 2008. (¶ 29.)  On February 7, 2008, Plaintiff

9    alleges she was demoted from an Investigator to a patrol officer. (¶ 29.)  As of July

10   2009, Plaintiff was on a medical leave of absence. (See, ¶¶ 72, 73.)  In August

11   2009, Plaintiff requested an extension of her medical leave. (¶ 79.)  In October

12   2009, Plaintiff requested permission to take an extended medical leave. (¶ 84.)  On

13   October 16, 2009, Plaintiff provided Human Resources ("HR") and Chief Williams

14   with a doctor's note extending her medical leave. (¶ 93.)  Plaintiff returned to work

15   on November 23, 2009. (¶ 99.)  On December 23, 2009, the Department placed

16   Plaintiff on a 90 day Performance Improvement Plan ("PIP") and provided her with

17   a "below standards" performance evaluation. (¶¶ 131, 132.)

18        On March 18, 2010, Commander Singer informed Plaintiff she had officer

19   safety issues including a lack of confidence and outdated suspect search techniques.

20   (¶ 192.)  The Department notified Plaintiff that she was being sent to a

21   Requalification Academy with the Orange County Sheriff's Department. (¶ 196.)

22   This was the last day that Plaintiff showed up to work at the City. (¶ 200.)

23        As of March 19, 2010, Plaintiff was off work on disability leave. (¶ 200.)

24   After the City accommodated her absence for over one year, on March 23, 2011,

25   Plaintiff provided HR with doctors' notes stating she could return to work but could

---

26   [3] All dates are approximate and are based on Plaintiff's allegations in her First Amended Complaint. While the
     allegations of the FAC are presumed true for purposes of the Motion to Dismiss, the City Defendants very much
27   dispute the allegations of the FAC, including the alleged sequence and timing of certain events.
     [4] Hereafter, all cites to the Complaint will be as to the paragraph only. Thus, a cite to paragraph 23 of the First
28   Amended Complaint will be presented as "(¶ 23.)"

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

1   not work with Sclafani.  (¶¶ 241-245.)  On April 28, 2011, Plaintiff attended a

2   Fitness for Duty exam with Dr. Kalechstein.  (¶ 248.)  On June 30, 2011, Dr.

3   Kalechstein determined that Plaintiff was not fit for duty.  (¶ 252.)

4        On August 5 and 9, 2011, the City sent Plaintiff's attorney a notice regarding

5   its intention to file for Plaintiff's non-industrial disability retirement.  (¶¶ 255-256.)

6   On or about August 9, 2011, the City sent Plaintiff a Notice *Of Intent To Disability*

7   Retire.  (¶ 257.)  On or about August 29, 2011, the City held a *Skelly* meeting

8   regarding the City's intent to File a Non-Industrial PERS Retirement on Plaintiff's

9   behalf.  (¶ 258.)  On September 13, 2011, Plaintiff received a Notice of Decision to

10  Recommend Application for Non-Industrial Disability Retirement from the City.  (¶

11  265.)  On October 12, 2011, Plaintiff allegedly received a letter notifying her that

12  City Manager Daniels adopted the Skelly Officer's finding that the City would

13  apply for Non-Industrial Disability Retirement for Plaintiff because she was not fit

14  for duty.  (¶ 270.)  This letter stated Plaintiff had 30 days from the date she received

15  it to appeal the City's decision.  (¶ 272.)  On November 7, 2011, Plaintiff requested

16  a two week extension to appeal the City's decision.  (¶ 273.)  On February 3, 2012,

17  Plaintiff received a letter from Simpson notifying her that she was officially

18  separated from the City.  (¶ 279.)  On February 13, 2012, approximately three

19  months after the deadline for Plaintiff to appeal the City Manager's decision to

20  apply for Plaintiff's Non-Industrial Disability retirement, Plaintiff alleges she sent

21  Assistant City Attorney Jason Simpson[5] an appeal regarding her separation.  (¶

22  287.)  Simpson replied that her appeal was untimely.  (¶ *Id.*)

23        **B.    Allegations Related to Plaintiff's Purported Protected Speech**

24        On February 25, 2005, Plaintiff alleges she witnessed Defendant Sclafani use

25  excessive force against an arrestee.  (¶ 24.)  She also alleges she witnessed other

26  City police officers falsely arrest, beat and torture arrestees.  (*Id.*)  Over two years

27

28

---

[5] In paragraph 287 of the FAC, Plaintiff alleges the Assistant City Attorney was Jason Simpson.  However, she
acknowledges in paragraph 11 that Jason Simpson was the Assistant City Manager.

- 3 -   MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

1    later on April 11, 2007, Plaintiff met with FBI Special Agent Steve Novak and

2    Assistant U.S. Attorney Lamar Baker, and reported the use of unreasonable force,

3    false arrests of civilians, concealment/destruction of evidence and cover up of these

4    events by several City police officers. (¶ 25.)  Plaintiff alleges that because she

5    complained to federal law enforcement officers about the excessive use of force by

6    City police officers, she was retaliated against. "…[S]he immediately noticed that

7    she was being treated differently by other DHSPD police officers and other

8    personnel." (¶ 26.)  For example, she alleges she was demoted from an investigator

9    to a patrol officer, treated like a newly hired officer, received little or no back up on

10   calls, received the "silent treatment," was issued a different pistol than other

11   officers, and was subjected to racist remarks.  (¶¶ 29, 33, 34, 54, 58, 61.)

12        On June 8, 2008, Plaintiff reported to Chief Williams and Edwin Smith that

13   Officers Sclafani, O'Connor, and Valentich made racist and offensive remarks

14   about Plaintiff in her presence.  (¶ 60.)  Plaintiff explained to Williams and Smith

15   that she believed the officers were retaliating against her for reporting Sclafani's

16   criminal conduct.  (¶ 64.)  In July 2009, Agent Novak called Plaintiff and asked if

17   she could meet him and another FBI agent to discuss the "DHSPD

18   misconduct/criminal actions."  (¶ 72.)  Plaintiff informed Agent Novak that because

19   she was on medical leave from work, she was not permitted to meet with him at that

20   time.  (¶ 73.)  On July 23, 2009, Plaintiff spoke with the City's HR Department to

21   find out if she was authorized to meet with Agent Novak regarding work.  (¶ 74.)

22   The City's HR Department informed Plaintiff that Chief Williams stated that

23   Plaintiff had to wait until she returned to work to meet with Agent Novak.  (¶ 75.)

24   Plaintiff postponed all meetings with the FBI as directed by HR.  (¶ 76.)

25        In August and September 2009, Agent Novak requested Plaintiff meet with

26   him on October 2, 2009.  (¶¶ 77, 82.)  Plaintiff was still on medical leave from

27   work and therefore asked Agent Novak to contact Chief Williams for approval.

28   (*Id.*)  Plaintiff also called Chief William's cell phone and left him a message

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

- 4 -

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

1   informing him that Agent Novak was requesting to meet with her. (¶ 78.) On

2   October 1, 2009, when Plaintiff met with Chief Williams, she alleges he told her to

3   tell Agent Novak that she was unable to drive to Los Angeles to meet him on

4   October 2, 2009 because she was recovering from surgery. (¶¶ 85 & 86.) Williams

5   allegedly told Plaintiff to tell Agent Novak she would have to wait until she

6   returned to work before she could meet with him. (¶ 87.) On approximately

7   October 1, 2009, Plaintiff called Agent Novak and left a message informing him

8   that pursuant to Williams' directions she needed to postpone their meeting. (¶ 90.)

9        On October 20, 2009, Plaintiff met with Special Agent Novak and Assistant

10  U.S. Attorney Steve Arkow. (¶ 94.) On December 10, 2009, Plaintiff testified

11  before the Grand Jury pursuant to subpoena regarding an investigation into

12  misconduct by City police officers. (¶ 124.) On September 9, 2010, Plaintiff

13  complained to Internal Affairs Investigator Jeff Love that she was being subjected

14  to retaliation and harassment. (¶ 222.) Plaintiff filed a complaint with the

15  California Department of Fair Employment and Housing on June 18, 2012. (¶ 290.)

16  **III.    LEGAL STANDARDS APPLICABLE TO FRCP RULE 12 MOTIONS**

17       Under Rule 12(b)(6), a defendant may file a motion to dismiss where, from

18  the face of the complaint, Plaintiff fails to state a claim upon which relief can be

19  granted. Dismissal is proper where there is either "lack of a cognizable legal

20  theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

21  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating

22  a motion to dismiss, a court must: (1) construe the complaint in the light most

23  favorable to the Plaintiff and (2) accept all well-pleaded factual allegations as true,

24  as well as all reasonable inferences to be drawn from them. *Sprewell v. Golden*

25  *State Warrior*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however,

26  accept as true allegations that are merely legal conclusions or unwarranted

27  deductions of fact or unreasonable inferences. *Id.* Claims for relief that cannot be

28  cured by amendment should be dismissed without leave to amend. *Schmier v. US*

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1   *Court of Appeals for the Ninth Circuit,* 279 F.3d 817, 824 (9th Cir. 2002)

2   [recognizing "futility of amendment" as a proper basis to dismiss without leave to

3   amend]; *see also, Adams v. Johnson*, 355 F.3d 1179, 1183. (9th Cir. 2004).

4   **IV.    THIS COURT SHOULD DISMISS PLAINTIFF'S §1983 CLAIMS**

5   **A.    Plaintiff's First Claim Fails Because Her Speech Was Made in Her
6           Capacity as a Public Employee and Not a Private Citizen**

7           In order to state a 1st Amendment retaliation claim, Plaintiff must allege that

the speech at issue was made as a "private citizen," rather than as a public
8
employee. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009); *Huppert v. City of*
9
*Pittsburg*, 574 F.3d 696 (9th Cir. 2009); *Garcetti v. Ceballos*, 547 U.S. 410, 420
10
(2006). Here, however, Plaintiff fails to meet this standard because her identified
11
speech is that which she uttered solely in her capacity and as part of her duties as a
12
police officer. Thus, by definition, the speech was indisputably made in her
13
capacity as a public employee and consequently does not warrant any protection
14
under the 1st Amendment as a matter of law. *Garcetti*, 547 U.S. at 421
15
["Restricting speech that owes its existence to a public employee's professional
16
responsibilities does not infringe any liberties the employee might have enjoyed as
17
a private citizen"]. Statements are made in an employee's capacity as a citizen if
18
the employee had "no official duty to make the questioned statements, or if the
19
speech was not the product of performing the tasks the employee was paid to
20
perform." *Posey v. Lake Pend Oreille School Dist. No. 84,* 546 F.3d 1121, 1127 n.
21
2 (9th Cir. 2008); *Freitag v. Ayers,* 468 F.3d 528, 544 (9th Cir. 2006).
22
        The parties and the Court have the benefit of the Ninth Circuit's recent and
23
specific analysis of this legal principle as applied to directly analogous facts –
24
regarding alleged excessive force and abusive tactics by police employees. *Dahlia*
25
*v. Rodriguez* , __ F.3d ___, 2012 WL 3185693 (9th Cir. Aug 07, 2012). In *Dahlia,*
26
the Ninth Circuit held that when a police officer discloses unlawful conduct to law
27
enforcement, this disclosure is made in the course of his or her official duties and
28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

therefore falls outside the protection of the First Amendment.[6]

Plaintiff's allegations focus on speech made to Special Agent Novak and Attorneys Baker and Arkow and her testimony regarding alleged instances of unreasonable force, false arrests of civilians, concealment/destruction of evidence and purported cover up of these events she witnessed by other police officers while working as a police officer for the City. (¶¶ 25, 94, 115, 124.)  In her FAC, Plaintiff acknowledges her speech was work related and was not made as a private citizen; for example, she alleges she did not meet with Agent Novak in July 2009 because she was on a medical leave from work and did not have permission to do so. (¶ 73.)  She also admits asking the City's HR Department for approval to meet with Agent Novak. (*Id.*)  Plaintiff alleges she postponed all meetings as directed by HR. (¶ 76.)  In September 2009, she admits she directed Agent Novak to ask for approval from Chief Williams to speak with her. (¶ 77.)  She also called Chief William's cell phone to ask for permission to speak with Agent Novak. (*Id.*)  Again, on October 1, 2009, Plaintiff postponed a meeting with Agent Novak because she did not have Chief William's approval to meet with him. (¶ 90.)

Thus, it is evident by Plaintiff's own admissions that the alleged protected speech underlying her retaliation claim was in fact all speech she uttered in performing her job duties and as part of her position as a police officer. Additionally, Plaintiff witnessed the alleged events while working as a public employee.  However, even if the court finds Plaintiff cooperated with the FBI while off-duty on her own time, this conduct is still considered part of her official duties. *Huppert v. City of Pittsburg, supra* 574 F.3d at 707 ["It is clear that in California a police officer's official duties include investigating corruption, so as to 'prevent the commission of crime, . . .[and] assist in its detection."].  Therefore, Plaintiff's

---

[6] For a detailed discussion of the facts of *Dahlia* and *Huppert*, see the concurrently filed Motion to Dismiss of Defendants Sclafani and Tapia.  The City Defendants join and hereby incorporate by reference the arguments set forth in their Co-Defendants' Motion to Dismiss, also filed on August 20, 2012.  Further, to the extent the §1983 claims are dismissed, the City Defendants also join and incorporate by reference Co-Defendants' argument that this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

- 7 -

MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

1  §1983 claim, as pled, must fail, as it concerns only speech uttered in her capacity as

2  a public employee. *Garcetti*, 547 U.S. at 421 [speech which "owes its existence to

3  an employee's professional responsibilities" is not protected by the 1st Amendment

4  as a matter of law].

5        **B.**    **Plaintiff's Second Claim is also Barred under *Dahlia*.**

6       Plaintiff's second §1983 claim, based upon her First Amendment "right to

7  petition," is also foreclosed by *Dahlia*. With regard to the differences between First

8  Amendment free speech and right to petition claims, the Supreme Court has held

9  that the same requirements generally apply to both. *See, Borough of Duryea, Pa. v.*

10  *Guarnieri,* U.S., 131 S.Ct. 2488, 2500 (2011). The Ninth Circuit has similarly held

11  that "in order to be constitutionally protected under either the Speech Clause *or the*

12  *Petition Clause*, a public employee's actions must involve a matter of public

13  concern." *Rendish v. City of Tacoma* (9th Cir. 1997) 123 F.3d 1216, 1222

14  (emphasis added).

15       As such, the traditional *Connick-Garcetti* speech framework applies,

16  requiring an employee to establish his or her subject speech/petition was spoken as

17  a private citizen, and not merely as part of his or her official duties, in order to

18  receive First Amendment petition protection. *See, Morris v. Philadelphia Housing*

19  *Authority,* Case No. 10-5431, 2011 WL 3273475, at *11 n.11 (E.D.Pa. July 29,

20  2011); *Roper v. Poma,* Case No. CV 07-316 CAS (Ex), 2009 WL 1788426, at *4-5

21  (C.D.Cal. June 22, 2009); *see also, Bouma v. Trent*, Case No. CV-10-0267-PHX-

22  NVW, 2010 WL 1531171, at *4 (D. Ariz. Apr. 15, 2010) ["The public concern

23  requirement extends equally to alleged violations of the First Amendment rights to

24  associate freely and to petition the government for a redress of grievances."]; *see*

25  *also, Shah v. County of Los Angeles*, Case No. 10–56284, ___ Fed.Appx. ___, 2012

26  WL 892440, at *1 (9th Cir. Mar. 16, 2012) [citing *Rendish*].

27       Based upon the Ninth Circuit's holding in *Dahlia*, Plaintiff's subject speech

28  and/or "petition" is a product of her police officer duties, and beyond the scope of

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

- 8 -      MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

1   First Amendment protection—whether as a matter of speech *or petition* rights. *See*

2   *Dahlia v. Rodriguez, supra,* 2012 WL 3185693, at *1, 7, 8. Therefore, Plaintiff's

3   Second Claim must also be dismissed.

**C.   Plaintiff's §1983 Claims Against the City Fail Because Plaintiff**
4      **Does Not Adequately Allege that Her Claimed Injuries Were**
5      **Because of Any Official Policy, Custom or Practice**

6   Plaintiff's §1983 claims must fail because she does not adequately allege that

7   her claimed injuries were the result of any official policy, custom or practice.  To

8   state a claim against a city for violation of civil rights, a plaintiff must allege that a

9   city policy, custom, or practice caused the injury. *King County v. Rasmussen*, 299

10  F.3d 1077, 1089-90 (9th Cir. 2002).  This municipal policy or custom must be the

11  "moving force behind the constitutional violation." *City of Canton v. Harris*, 489

12  U.S. 378, 379 (1989).  Plaintiff must show a "direct causal link between a [specific]

13  municipal policy or custom and the alleged constitutional deprivation." *Id.* at 385;

14  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) ["Congress did not intend

15  municipalities to be held liable unless action pursuant to official municipal policy

16  of some nature caused a constitutional tort"].  Further, a plaintiff relying on a

17  practice or custom must identify one that is "so permanent and well settled as to

18  constitute a 'custom or usage' within the force of law." *City of St. Louis v.*

19  *Praprotnik*, 485 U.S. 112, 127 (1998) [internal quotations omitted].  Random acts

20  or isolated events are insufficient to establish custom. *Thompson v. City of Los*

21  *Angeles*, 885 F.2d 1439, 1443-1444 (9th Cir. 1989).  Indeed, municipal liability can

22  only be predicated on practices of "sufficient duration, frequency, and consistency

23  that the conduct has become a traditional method of carrying out policy." *Trevino*

24  *v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) [citations omitted].

25  The FAC contains no allegations that the City Defendants deprived Plaintiff

26  of her constitutional rights pursuant to a local policy, practice or custom.  Rather,

27  Plaintiff relies upon the vague, confusing and conclusory allegation that "At all

28  times complained of herein, all of said natural defendants created and were acting

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W Century Boulevard, Suite 500
Los Angeles, CA 90045

1   pursuant to, the customs, policies, usages and practices of the City…"(¶ 18.)  This

2   bare assertion is insufficient to state a §1983 claim against the City.  *City of*

3   *Canton*, 489 U.S. at 385; *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.

4   1982) [vague and conclusory allegations of official participation in civil rights

5   violation insufficient to withstand motion to dismiss].

**D.    Liability Against the Individual Defendants Cannot Be Established
Since They Were Not "Final Policymakers" for the City**

8       Plaintiff is unable to establish a viable §1983 claim based on the conclusory

9   allegation regarding the supposed final policy-making authority of the individual

10  Defendants.  Plaintiff alleges "Williams was a top and final policy making official

11  for the DHSPD," [Smith and] Singer [were] also…high ranking policy making

12  official[s]," "During a substantial portion of the times and dates complained

13  of…Simpson was a policy maker and final decision maker for the City," and

14  Daniels was "a policy maker and final decision maker for the City."  (¶¶ 8-12.)

15      The Ninth Circuit has addressed the issue of "final policymaking authority,"

16  and has ruled that this determination is one of law.  In *Delia v. City of Rialto*, 621

17  F.3d 1069 (9th Cir. 2010), the Court reviewed the City of Rialto's municipal

18  ordinances to determine if the Fire Chief had been delegated final policymaking

19  authority in evaluating Delia's §1983 claim.  The Court unanimously held that

20  "whether a particular official has 'final policymaking authority' is a question of

21  state law." *Delia*, 621 F.3d at 1082.  Here, as shown by the City's governing

22  documents, the final policymaking authority in the City indisputably rests with the

23  City Council, which confers and delegates specific authority regarding

24  *administrative matters* to the City Manager.  (Request for Judicial Notice

25  ("RFJN"), Exhibit 1, thereto, City of Desert Hot Springs Charter, Art. 2, §200;

26  RFJN, Exhibit 2, thereto, City of Desert Hot Springs Municipal Code, Tit. 2,

27  §2.08.080(A).)  The City Charter is clear and provides: "The municipal government

28  established by this Charter shall be known as the 'Council-Manager form of

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1   government.' *The City Council establishes the policy of the City . . . [while] the*

2   *City Manager . . . carr[ies] out that policy.*" (RFJN, Ex. 1 [emphasis added].)

3   Further, the City's Municipal Code provides that "The City Manager shall be the

4   administrative head of the City government *under the direction and control of the*

5   *City Council . . . .*" (RFJN, Ex. 2 [emphasis added].)

6        Therefore, none of the individual Defendants can ever be deemed final

7   policymakers within the meaning of §1983 and Plaintiff's First and Second claims

8   against the individual Defendants must be dismissed without leave to amend.

9        **E.    Plaintiff's §1983 Claims are Barred by the Statute of Limitations**

10        In California, the applicable statute of limitations for §1983 claims is one

11   year. *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara* 344 F.3d 822,

12   828 (9th Cir. 2003). In *National R.R. Passenger Corp. v. Morgan*[7] 536 U.S. 101,

13   (U.S., 2002), the Supreme Court held that each discrete discriminatory act, such as

14   failure to promote, denial of transfer, or retaliatory employment decision,

15   constitutes a separate unlawful employment practice for accrual purposes. *National*

16   *R.R. Passenger Corp.,* 536 U.S. at 114. The statute of limitations is satisfied upon

17   "commencement" of the action within the statutory period. CCP §350; *see Carlson*

18   *v. Dept. of Fish & Game,* 68 Cal.App.4th 1268, 1272–1276 (1998).

19        Plaintiff's alleged demotion, performance improvement plan, and training

20   status constitute separate unlawful employment practices for accrual purposes.

21   Plaintiff alleges she was demoted on February 7, 2008 from an Investigator to a

22   patrol officer, placed on a 90 day performance improvement plan on December 23,

23   2009, and notified that she was being sent to attend a Requalification Academy on

24   or about March 18, 2010. Plaintiff filed her original complaint in this action on

25   March 19, 2012. Thus, all claims arising out of acts occurring before March 19,

26   2011, including her alleged demotion, performance improvement plan and training

---

27   [7] Although this case involves a *Title VII* claim, there is no basis for limiting the Supreme Court's decision in *Morgan*

28   to Title VII cases; courts have applied it in §1983 cases. *Carpinteria Valley Farms v. County of Santa Barbara,* 344 F.3d 822 (9th Cir. 2003).

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1    status, are time barred.

2    **V.    THE INDIVIDUAL DEFENDANTS SHOULD BE DIMISSED**

3        **A.    The Claims against Williams, Smith, Singer, Simpson, Daniels,**
4        **Mendoza, and Paiz are Duplicative of the Claims Against the City**

5    Plaintiff sues Williams, Smith, Singer, Simpson, Daniels, Mendoza, and Paiz

6    ("the individual Defendants") in their official capacities only.  (¶¶ 7-14.)  Since

7    official capacity claims brought against individuals are treated as claims against the

8    entity, Plaintiff's claims against the individual Defendants are duplicative of her

9    claims against the City. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 89

10   (1989) ["[o]fficial-capacity suits . . . generally represent only another way of

11   pleading an action against an entity of which an officer is an agent"]; *see also,*

12   *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Therefore, Plaintiff's claims against the

13   individual Defendants in their official capacities should be dismissed.

14       **B.    The Claims Against the Individual Defendants Should be**
     **Dismissed as They are Factually Insufficient**

15   There are insufficient factual allegations against the individual Defendants,

16   and the allegations which are made against them are either conclusory or

17   completely irrelevant. (*See, e.g.,* ¶¶ 26, 28, 30, 33, 35, 53, 143, 160.)  Further, to

18   assert a §1983 claim, Plaintiff must allege facts indicating that the individual

19   Defendants, under color of law, violated Plaintiff's constitutional rights. *Rinker v.*

20   *Napa County*, 831 F.2d 829, 831 (9th Cir. 1987), overruled on other grounds,

21   *Graham v. Connor*, 490 U.S. 386 (1989).  Plaintiff must also allege facts, not

22   simply conclusions, demonstrating that the individual Defendants were **personally**

23   **involved** in a deprivation of her civil rights. *Barren v. Harrington*, 152 F.3d 1193,

24   1194 (9th Cir. 1998) ["[a] plaintiff must allege facts, not simply conclusions, that

25   show that an individual was personally involved in the deprivation of his civil

26   rights;" *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ["there must be a

27   showing of personal participation in the alleged rights deprivation"].

28   The FAC fails to state any facts which suggest that any of the individual

1   Defendants participated in the alleged deprivation of Plaintiff's civil rights.  At

2   best, the FAC only alleges that some or all of the individual Defendants ignored

3   Plaintiff, made negative comments to her, did not provide her with what she

4   considered appropriate support on the job, (*see, e.g.*, ¶¶ 33, 34, 54, 58, 61) and/or

5   that some individual Defendants rendered unfavorable personnel decisions about

6   her employment.  (¶¶ 131, 132, 196, 255-56, 265, 270.)

7       But notably lacking from the FAC are any factual allegations demonstrating

8   that the individual Defendants actually deprived Plaintiff of her civil rights.  Rather,

9   the FAC consists entirely of conclusory statements and speculation in this regard,

10  creating tenuous connections between supposed actions by the individual

11  Defendants and their alleged affect on Plaintiff's civil rights.  (*See, e.g.*, ¶ 29

12  ["[Plaintiff's] demotion was purely retaliatory conduct for Plaintiff complaining to

13  federal law enforcement officials about said above-referenced conduct by DHSPD

14  officers..."].)  This is insufficient as a matter of law.  Thus, the claims as to the

15  individual Defendants should be dismissed.  *See, Robertson v. Dean Witter*, 749

16  F.2d 503, 533-34 (9th Cir. 1984); *Balistreri*, 901 F.2d at 691.

17      **C.   Plaintiff's §1983 Claims Against the Individual Defendants Fail**
        **Because They Are Entitled to Qualified Immunity**

18

19      The facts as pled in the FAC demonstrate that every individual Defendant is

20  entitled to qualified immunity from Plaintiff's §1983 claims as a matter of law.

    The defense of qualified immunity protects "governmental officials . . . from
21
    liability for civil damages insofar as their conduct does not violate clearly
22
    established statutory or constitutional rights of which a reasonable person would
23
    have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Here, because the
24
    FAC's allegations fail to establish that the individual Defendants ever engaged in
25
    conduct that could reasonably be characterized as violating clearly established
26
    statutory or constitutional rights, these Defendants should be dismissed as to
27
    Plaintiff's §1983 (First and Second) claims as a matter of law.
28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1    The issue of qualified immunity is a threshold issue which is to be

2    determined by a court at the earliest possible stage of litigation. *Mitchell v.*

3    *Forsyth*, 472 U.S. 511 (1985); *Anderson v. Creighton*, 483 U.S. 635 (1987).  As

4    noted by the Ninth Circuit in *Thorsted v. Kelly*, 858 F.2d 571, 575 (9th Cir. 1988),

5    since qualified immunity is an immunity from suit rather than a mere defense, "it is

6    essential that 'insubstantial claims' be resolved as quickly as possible."  The

7    qualified immunity test is a two part inquiry, as articulated by the Supreme Court in

8    *Saucier v. Katz*, 533 U.S. 194, 201(2001): initially, the courts must decide if the

9    facts alleged show the official's conduct violated a constitutional right and then

10   whether the right was clearly established.  The Supreme Court has also clarified

11   that courts may "exercise their sound discretion in deciding which of the two

12   prongs . . . should be addressed first." *Pearson v. Callahan*, 555 U.S. 223, 129 S.

13   Ct. 808, 818 (2009).  Further, as the Ninth Circuit noted in *Brewster v. Board of*

14   *Education*, 149 F.3d 971, 977 (9th Cir. 1988), "[*Q]ualified immunity provides a*

15   *protection to government officers that is quite far-reaching.*  Indeed, it safeguards

16   'all but the plainly incompetent or those who knowingly violate the law.'"  "'[I]f

17   officers of reasonable competence could disagree on th[e] issue [whether a chosen

18   course of action is constitutional], immunity should be recognized.'" *Brewster*, 149

19   F.3d at 977.  Moreover, "'[t]he test allows *ample room for reasonable error* on the

20   part of the [governmental official']." *Id.* (emphasis added).  The FAC fails to

21   allege the manner in which the individual Defendants deprived Plaintiff of any

22   constitutional rights.  Therefore, the first prong of the qualified immunity test is

23   sufficiently met because Plaintiff has not pled facts to show that any of the

24   individual Defendants committed a constitutional violation.

25   As for the next step of the analysis, "the relevant, dispositive inquiry in

26   determining whether a right is clearly established is whether it would be clear to a

27   reasonable officer that his conduct was unlawful in the situation he confronted."

28   *Saucier*, 533 U.S. at 202.  Here, Plaintiff has not alleged any facts that suggest the

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

1   individual Defendants would ever have been aware that their actions violated

2   Plaintiff's right to free speech or to petition the government for redress and in fact,

3   as discussed above, Plaintiff did not engage in any protected conduct.

4       In evaluating the clarity of a right in a free speech case, the question is not

5   merely whether the abstract right has been clearly established, but whether it was

6   clearly established under the facts of the present case. *See, Anderson v. Creighton*,

7   483 U.S. at 639-640. Thus, in cases alleging violation of one's right to free speech,

8   it must be "clearly established" that a plaintiff's speech was entitled to protection

9   when it was spoken. *Brewster*, 149 F.3d at 978. In determining whether speech is

10  protected, the court must determine whether the speech involved a matter of public

11  concern and whether the employee was speaking as a private citizen or in her

12  capacity as a public employee. *Brewster*, 149 F.3d at 978; *see generally, Connick*

13  *v. Myers*, 461 U.S. 138, 143-149 (1983); *Garcetti, supra,* 547 U.S. at 421-424.

14      In short, because there are multiple considerations a person, such as any

15  individual Defendant, must make to determine if a particular public employee's

16  speech is protected, "***the law regarding public-employee free speech claims will***

17  ***'rarely, if ever, be sufficiently 'clearly established' to preclude qualified immunity***

18  ***under Harlow and its progeny.***" *Brewster*, 149 F.3d at 979-980 (emphasis added);

19  *Baker v. Racansky*, 887 F.2d 183, 187 (9th Cir. 1989) ["if the existence of a right or

20  the degree of protection it warrants in a particular context is subject to a balancing

21  test, the right can rarely be considered 'clearly established' at least in the absence of

22  closely corresponding factual and legal precedent"].

23      Thus, in this case, the plain complexity involved in determining whether the

24  speech of a public employee like Plaintiff is protected demonstrates the almost

25  impossible burden Plaintiff must overcome to destroy any of the individual

26  Defendants' qualified immunity. Moreover, as discussed above, the speech/petition

27  at issue was made by Plaintiff in her capacity as a public employee and not as a

28  private citizen, and therefore is not protected. Consequently, the individual

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1   Defendants are entitled to qualified immunity from Plaintiff's §1983 claims.

2   Moreover, Plaintiff's conclusory assertion that the individual Defendants

3   "were acting pursuant to conspiracy, agreement and understanding and common

4   plan and scheme with others to deprive Plaintiff of her federal and state law

5   constitutional and statutory rights" (¶ 20), without any further explanation, is

6   insufficient to demonstrate that they violated a "clearly established" right.

7   *Brewster*, 149 F.3d at 980 [holding that where a 1st Amendment violation is

8   asserted, a plaintiff does not satisfy this burden merely by alleging that "the legal

9   right at issue is the generic right to free speech"]. Accordingly, the individual

10  Defendants are entitled to qualified immunity and Plaintiff's §1983 claims against

11  them should be dismissed.

**D.**   **Plaintiff Fails to State a Claim for Violation of Government Code Sections 3300 *et seq.* Against the Individual Defendants Because There Is No Individual Liability Under the POBR**

14  In Plaintiff's Fifth and Sixth claims for violations of the POBR (Government

15  Code sections 3300, *et seq.*), asserted against all defendants, Plaintiff alleges the

16  City Defendants retaliated against her for complaining to the F.B.I. and Internal

17  Affairs, and testifying against City officers before a Grand Jury in violation of Cal.

18  Govt. Code §3300 *et seq.* (¶ 312.) While the FAC reveals a basic

19  misunderstanding of the operation of the POBR (the statute accords peace officers

20  procedural protections during the administrative investigation process and does not

21  include any retaliation provisions), Plaintiff also overlooks the fact that the statute

22  does not provide for individual liability.

23  Government Code section 3309.5 is the sole remedial provision of the

24  POBR; section 3309.5(e) provides that where the court determines that the

25  department or its employees have acted maliciously to violate the statute, "***the***

26  ***public safety department shall . . . be liable*** for a civil penalty not to exceed

27  twenty-five thousand dollars . . ." (emphasis added.) However, subdivision (e) is

28  unequivocal that "***[a]n individual shall not be liable*** for any act for which a public

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

- 16 -   MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

safety department is liable under this section." (emphasis added.) Thus, as the POBR's purpose relates to Department/employee relations, it is only intended to provide public safety officers a cause of action against their employing agencies, and not against the agency's individual employees. Here, the individual Defendants are current and former City employees. (¶¶ 7-14.) They are not employers and cannot be individually liable under the POBR as a matter of law.

### E. Plaintiff Fails to State a Claim for Violation of Government Code Section 12940(m) Against the Individual Defendants

Plaintiff's Seventh Claim fails because individuals cannot be sued under the Fair Employment and Housing Act, Government Code section 12900 *et seq.* ("FEHA") for discriminatory acts. *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal.4th 1158, 1173 (2008) [non-employer individuals are not personally liable for their role in retaliation]; *Reno v. Baird*, 18 Cal.4th 640, 664 (1998) ["individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts"]. Therefore, the individual Defendants must be dismissed from Plaintiff's Seventh claim.

## VI. PLAINTIFF'S THIRD CLAIM FOR RETALIATION UNDER LABOR CODE §1102.5 FAILS TO STATE A CLAIM

### A. Plaintiff Fails to Allege Exhaustion of Administrative Remedies

The California Supreme Court has held that a plaintiff seeking damages under Labor Code §1102.5 is required to exhaust administrative remedies before the California Labor Commissioner prior to bringing suit. *Campbell v. Regents of the University of California*, 35 Cal.4th 311, 333-334 (2005). "[T]he rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the court will act." *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1180 (E.D. Cal. 2005) citing to *Campbell*, 35 Cal.4th at 321. "Exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts." (*Id.*) Here, Plaintiff does not allege that she exhausted all administrative remedies, including bringing a

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

- 17 -

MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1   complaint before the Labor Commissioner, before filing this lawsuit.

2   **B.**   **Plaintiff Failed to Exhaust Administrative Remedies and is Barred From Doing So By the Applicable Statute of Limitations**

The exhaustion of administrative remedies prescribed in Labor Code §98.7 applies to Labor Code section §1102.5. *Hall v. Apartment Inv. and Management Co.,* 2008 WL 5396361, (N.D.Cal., 2008).  Labor Code §98.7(a) explicitly defines the statute of limitations for filing a claim with the Labor Commissioner as six months.  Section 98.7(a) states in pertinent part "[a]ny person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the division within six months after the occurrence of the violation."

Plaintiff never filed a claim regarding any of her allegations with the Labor Commissioner and the time for her to do so has passed.  Plaintiff alleges she was subjected to retaliation for reporting City police officers' use of excessive force beginning in April 2007 and arguably through February 14, 2012.  (¶¶ 25-286.)  Six months from the date of the last act of alleged retaliation was August 14, 2012. (*See* ¶ 286.)  Therefore, Plaintiff is barred from filing a claim with the Labor Commissioner regarding any of her allegations because the statute of limitations on all of her claims has run.  Because Plaintiff failed to exhaust her administrative remedies and is barred by the statute of limitations from doing so, Plaintiff's claim for violation of Labor Code §1102.5 should be dismissed without leave to amend.

**C.**   **There is No Individual Liability Pursuant to Labor Code §1102.5**

In the Third claim, Plaintiff also alleges that the individual Defendants violated Labor Code §1102.5 by retaliating against her after Plaintiff provided information to Agent Novak and Attorney Baker (¶ 26.)  However, Labor Code §1104 provides "[i]n all prosecutions under this chapter, the employer is responsible for the acts of his managers, officers, agents, and employees."  Thus, Labor Code §1104 unequivocally makes the employer, ***and not individual***

1    *employees*, liable for the acts of its managers, supervisors, and employees.

2        The California Supreme Court's decision in *Jones v. Lodge at Torrey Pines*

3    *Partnership, supra,* 42 Cal.4th 1158 supports this conclusion.  The Court held that

4    individuals could not be held liable under the FEHA for their role in retaliation.

5    The Court observed that presenting supervisors and other individuals with the risk

6    of liability for making required personnel decisions could have severe adverse

7    public policy consequences.  While *Jones* was interpreted under the FEHA, the

8    FEHA has been used as a basis for interpreting liability under Labor Code §1102.5.

9    *See, Patten v. Grant Joint Union High School District*, 134 Cal.App.4th 1378, 1387

10   (2005)[adopting FEHA's definition of adverse employment action for retaliation

11   lawsuits under section 1102.5(b)].  Thus, following the same logic, the ruling in

12   *Jones v. Torrey Pines Partnership*, *supra*, prohibiting individual liability for

13   retaliation claims under the FEHA, consistent with the plain language of the statute,

14   should be applied with full force and effect to bar a Section 1102.5 claim against

15   the individual Defendants.

## VII.   THE FOURTH CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY FAILS TO STATE A CLAIM

### A.   Supervisors Cannot Be Held Individually Liable

18       Plaintiff asserts a common law claim for wrongful termination in violation of

19   public policy.  This state cause of action is typically referred to as a *Tameny* claim,

20   a reference to the seminal California Supreme Court case of *Tameny v. Atlantic*

21   *Richfield Co.*, 27 Cal.3d 167 (1980), which established the claim.  It is well settled

22   that no *Tameny* claim can be maintained against individuals or individual

23   supervisory employees who were responsible for the employer's discharge of the

24   plaintiff.  This rule of law was reaffirmed by the California Supreme Court in

25   *Miklosy v. Regents of the Univ. of California*, 44 Cal.4th 876, 900 (2008).  Thus,

26   Plaintiff's Tameny claim against the individual Defendants fails as a matter of law

27   because only an employer can be liable for wrongful termination in violation of

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

614165.13 DE030-019

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

1   public policy.

2   **B.    The City is Immune from Liability for Wrongful Termination**

3   Plaintiff's wrongful termination claim against the City should also be

4   dismissed without leave to amend.  Section 815(a) of the Government Code sets

5   forth the basic rule that a public entity is immune from liability "except as

6   otherwise provided by statute."  *See also, Ross v. San Francisco Bay Area Rapid*

7   *Transit District*, 146 Cal.App.4th 1507, 1514 (2007).  Section 815 abolishes all

8   common-law or judicially-created forms of liability for public entities, except for

9   such liability as may be required by the state or federal constitutions.  Accordingly,

10  public entities may be liable only if a statute is found declaring them to be liable.

11  *Bragg v. East Bay Regional Park District*, 2003 WL 23119278 *6 (N.D.Cal. 2003).

12  The California Supreme Court in *Miklosy* also affirmed that a *Tameny* common law

13  wrongful termination claim in violation of public policy cannot be maintained a

14  public agency.  *See also, Palmer v. Regents of Univ. of California*, 107 Cal.App.4th

15  899 (2003).  Since a *Tameny* cause of action is a common law, judicially created

16  tort and not authorized by statute, it is not properly asserted against the City and

17  should be dismissed without leave to amend.

18  **C.    Plaintiff Failed to Exhaust Her Administrative Remedies**

19  The Fourth claim should also be dismissed as to the City Defendants because

20  Plaintiff again failed to timely pursue and exhaust her administrative remedies.

21  Specifically, Plaintiff failed to timely appeal the City's decision to apply for

22  Plaintiff's Non-Industrial Disability Retirement.  Plaintiff acknowledges that the

23  City informed her on October 12, 2011 of its decision to retire her and that she had

24  30 days from the date she received the letter to appeal the City's decision.  (FAC,

25  ¶¶ 270-272).  Plaintiff therefore had until November 11, 2011 to submit a timely

26  appeal.  Yet, Plaintiff admits she did not submit her appeal until over three months

27  later on February 13, 2012.  (FAC, ¶ 287).

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

## VIII. <u>PLAINTIFF'S THIRD THROUGH SIXTH CLAIMS FAILED TO COMPLY WITH THE CALIFORNIA TORT CLAIMS ACT</u>

### A.   <u>Plaintiff failed to Allege Compliance with the Tort Claims Act</u>

The Third, Fourth, Fifth, and Sixth Claims – all California state claims -- should be dismissed as to the City because Plaintiff failed to allege compliance with the California Government Tort Claims Act, Government Code §810, *et seq.*  The Tort Claims Act "requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Ard v. County of Contra Costa*, 93 Cal.App.4th 339, 343 (2001), citing Cal. Gov. Code, §§ 910, 912.4, 912.8 and 945.4, and *Munoz v. State of California*, 33 Cal.App.4th 1767, 1776 (1995). Presentation of a timely tort claim, when required by law, is a prerequisite to maintaining such a cause of action against a public entity. *Ard, supra*, 93 Cal.App.4th at 343; *see also*, *Hernandez v. McClanahan*, 996 F.Supp. 975 (N.D.Cal. 1998).  A plaintiff's pendent state law claims against a California public agency are barred unless Plaintiff (has alleged) and has complied with the requirements of the Tort Claims Act before commencing a civil action. *See*, *Mangold v. California Public Utilities Com'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Ortega v. O'Connor*, 764 F.2d 703, 707 (9th Cir. 1985), rev'd on other grounds, 480 U.S. 709 (1987).

### B.   <u>Plaintiff's Allegations Contained in Her Tort Claim are Barred by the Statue of Limitations</u>

In fact, Plaintiff did file a tort claim back on December 30, 2010 (RFJN, Exhibit 3, thereto, Heath's Claim for Money Damages Against the City, dated December 30, 2010), which detailed the alleged harassment and emotional distress she claimed to have suffered as a result of testifying in a Federal Grand Jury Hearing regarding her purported observations of two officers' alleged excessive use of force.  The City rejected Plaintiff's tort claim on February 11, 2011, and notified Plaintiff's attorney that she had six months from the date of the notice to file a court action on this claim, pursuant to Government Code §945.6.  This action was filed

1  over one year later, and thus any and all claims arising out of the facts which gave

2  rise to the tort claim are time-barred.

3  **C.  Plaintiff Failed to File a Timely Tort Claim**

4  Plaintiff also failed to timely file a tort claim which specifically named Rick

5  Daniels, Edwin Smith or Jason Simpson and which included the claims for

6  violation of Labor Code §1102.5, wrongful demotion, and violation of Government

7  Code §3300 *et seq.* An employee is required to file a Tort Claim for each of these

8  claims. (Gov. Code, §910.) When the claim and the complaint set out different

9  claims, where there has been "a complete shift in allegations, usually involving an

10  effort to premise civil liability on acts or omissions committed at different times or

11  by different persons than those described in the claim," the claim is not sufficient.

12  *Blair v. Superior Court*, 218 Cal.App.3d 221, 226 (1990). A complaint is subject to

13  dismissal if it alleges a basis for recovery which is not fairly reflected in the written

14  claim. *Watson v. California*, 21 Cal.App.4th 836, 844 (1993). As set forth in *Fall*

15  *River Joint Unified School District v. Superior Court*, 206 Cal.App.3d 431, 434,

16  435 (1988), "each cause of action [in a complaint] must be reflected in a timely

17  claim;" a plaintiff fails to substantially comply with the Tort Claims Act "where the

18  plaintiff seeks to impose upon the defendant public entity the obligation to defend a

19  lawsuit based upon a set of facts entirely different from those first noticed. Such an

20  obvious subversion of the purposes of the claims act, which is intended to give the

21  governmental agency an opportunity to investigate and evaluate its potential

22  liability, is unsupportable." Thus, the Tort Claims Act precludes Plaintiff from

23  untimely and unfairly asserting any of these claims.

24  **IX.  PLAINTIFF'S FIFTH AND SIXTH CLAIMS MUST BE DISMISSED**

25  **A.  Plaintiff Cannot State a Claim for Retaliation Pursuant to Government Code Section 3300, *et seq.***

26

27  While the allegations of Plaintiff's Fifth and Sixth Claims are hopelessly

28  vague, as discussed below, it does appear that Plaintiff is asserting that the City

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

1   Defendants retaliated against her in violation of California Government Code

2   section 3300, *et seq.* (See, ¶¶ 312, 318.)  The Public Safety Officers *Procedural*

3   Bill of Rights Act, however, does not provide any substantive claims, including any

4   claim for retaliation.  Rather, this is a procedural statute which establishes, for

5   example, the timing of peace officer investigations, the notice that must be given

6   prior to any interrogation, and the right to a representative.  *See, e.g.,* Gov. Code

7   §3303; *Steinert v. City of Covina,* 146 Cal.App.4th 458 (2006); *Upland Police*

8   *Officers Assn. v. City of Upland,*111 Cal.App.4th 1294 (2003).  Having failed to

9   correctly cite the law and having failed to plead any facts regarding purported

10  missteps in any internal, administrative investigation conducted by the City,

11  Plaintiff's Fifth and Sixth Claims must be dismissed.

## B.   The POBR Claims Are Not Timely

13  Plaintiff's Fifth and Sixth claims are also barred by the equitable doctrine of

14  laches.  There is no specific statute of limitations for POBR claims, and instead the

15  equitable doctrine of laches applies.  Laches requires proof of (1) lack of diligence

16  by the party against whom the defense is asserted, and (2) prejudice to the party

17  asserting the defense.  *Soules v. Kauaians for Nukolii Campaign Committee* (9th

18  Cir. 1988) 849 F.2d 1176, 1180 fn. 7, citing *Costello v. United States* (1961) 365

19  U.S. 265, 282.  Plaintiff acknowledges she had notice of the alleged wrongs and

20  ample opportunity to bring a claim against the City Defendants but failed to do so.

21  Plaintiff alleges she reported the use of excessive force to the FBI on April 11,

22  2007, and "immediately noticed that she was being treated differently by other

23  DHSPD police officers and other personnel." (¶¶ 25& 26.)  She claims she

24  complained to Internal Affairs that she was being harassed and retaliated for

25  reporting the excessive use of force against on September 9, 2010. (¶ 22.)  Yet,

26  Plaintiff failed to take any steps to pursue judicial relief for over **5 years** after she

27  began purportedly being subjected to retaliation.  She waited in excess of an

28  additional 1 year and 6 months after complaining about the alleged harassment and

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

MOTION TO DISMISS AND MOTION FOR
                                                                              MORE DEFINITE STATEMENT

retaliation to Internal Affairs.  There is no reasonable justification for Plaintiff's delay in bringing this action and the Fifth and Sixth claims are barred by laches.

## X.   ALTERNATIVELY THE CITY DEFENDANTS' RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT SHOULD BE GRANTED

A Rule 12(b)(6) motion to dismiss may be combined with a Rule 12(e) motion for a more definite statement.  Rule 12(g)(1) provides "[a] motion under this rule may be joined with any other motion allowed by this rule."  Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so *vague or ambiguous* that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e) (*emphasis added*).  A Rule 12(e) motion is proper where the complaint is so indefinite that a defendant cannot ascertain the nature of the claim being asserted, and defendants cannot reasonably be expected to frame a proper response.  *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

Plaintiff's FAC fails to specify her allegations in a manner that provides sufficient notice for the City Defendants to respond.  In particular, Plaintiff's Second, Third, Fourth, Fifth, Sixth and Seventh claims are vague and ambiguous.  For the Second through Seventh claims, Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 295-320 which span a seven year period from 2005 to 2012.  The City Defendants cannot and should not be required to decipher which of these allegations are applicable to Plaintiff's Second through Seventh claims.

For Plaintiff's Second claim, she fails to allege how, when, or where the City Defendants violated her First Amendment right to petition the government for redress of grievances.  Similarly, for Plaintiff's Third claim, she does not allege what alleged acts of retaliation constituted a violation of Labor code section 1102.5, nor does she describe who took retaliatory action against her, when or where these actions occurred or what happened.  Again, Plaintiff's Fourth claim does not

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

MOTION TO DISMISS AND MOTION FOR
MORE DEFINITE STATEMENT

1   indicate who allegedly demoted or wrongfully terminated her, when or how she was

2   demoted or terminated or where this occurred.  As to the Fifth and Sixth claims, it

3   is impossible to determine what the purported POBR violation(s) were, when or

4   how they occurred.  Plaintiff also fails to identify what specific section(s) of the

5   Government Code the City Defendants allegedly violated.  For Plaintiff's Seventh

6   claim, Plaintiff does not allege any information regarding how the City Defendants

7   failed to reasonably accommodate her, who allegedly caused her mental disability,

8   how her disability was caused or when or if the City Defendants had knowledge of

9   her alleged disability.

10      Plaintiff's failure to provide notice to the City Defendants is compounded by

11   the fact that Plaintiff seeks to recover both compensatory and punitive damage for

12   unspecified violations of the law.  The City Defendants are entitled to notice of the

13   laws they allegedly violated and the purported conduct which relates to such

14   violations.  In the absence of such notice, the City Defendants are unable to

15   reasonably respond to any of these claims.  Therefore, Plaintiff should be

16   compelled to provide a more definite statement as to her Second, Third, Fourth,

17   Fifth, Sixth and Seventh claims.

18   **XI.   CONCLUSION**

19      The City Defendants respectfully request that this Court grant the Motion to

20   Dismiss, or alternatively the Motion for a More Definite Statement.

21   Dated:  August 20, 2012                    LIEBERT CASSIDY WHITMORE

22                                             BY: _____

23                                             Laura J. Kalty
                                               Danielle G. Eanet
24                                             Attorneys for Defendants
                                               City Of Desert Hot Springs, Patrick
25                                             Williams, Edwin Smith, Kate Singer,
                                               Jason Simpson, Rick Daniels,
26                                             Gabriella Mendoza and Gustavo Paiz

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045