Gregory A. Wedner, SBN 067965
gwedner@lozanosmith.com
Mark K. Kitabayashi, SBN 125822
mkitabayashi@lozanosmith.com
Sloan R. Simmons, SBN 233752
ssimmons@lozanosmith.com
**LOZANO SMITH**
515 South Figueroa Street, Suite 750
Los Angeles, CA 90071
Telephone: (213) 929-1066
Facsimile: (213) 929-1077

Attorneys for Defendants
ANTHONY SCLAFANI and PAUL TAPIA

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ANDREA HEATH,

Plaintiff,

vs.

CITY OF DESERT HOT SPRINGS, ANTHONY SCLAFANI, PATRICK WILLIAMS, EDWIN SMITH, KATE SINGER, JASON SIMPSON, RICK DANIELS, GABRIELLA MENDOZA, GUSTAVO PAIZ, PAUL TAPIA and DOES 1 through 10, inclusive,

Defendants.

Case No. CV12-02318 PSG (OPx)

**DEFENDANTS' ANTHONY SCLAFANI AND PAUL TAPIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO DISMISS DEFENDANTS ENTIRELY AND/OR TO DISMISS OF THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH AND/OR SEVENTH CAUSES OF ACTION AGAINST DEFENDANTS IN PLAINTIFF'S FIRST AMENDED COMPLAINT, AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

**(Fed. R. Civ. P. 12(b)(6), (e))**

Hearing Date: January 28, 2013
Time: 1:30 p.m.
Court Room: 880
Judge: Hon. Philip S. Gutierrez

[*Filed separately but concurrently with Defendants Sclafani and Tapia's Objections to Plaintiff's Opposition Memorandum and Objections to Declaration of Andrea Heath in Opposition to All Defendants' Motions to Dismiss*]

LOZANO SMITH 515 South Figueroa Street, Suite 750 Los Angeles, CA 90071 Tel 213-929-1066 Fax 213-929-1077

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. DISMISS

Heath v. City of Desert Hot Springs et al.
Case No. CV12-02318 PSG (OPx)

-1-

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

ARGUMENT .......... 1

I. PLAINTIFF'S OPPOSITION DOES NOT REFUTE HER FAILURE TO STATE A FIRST AMENDMENT CLAIM AGAINST DEFENDANTS .......... 1

A. Huppert Bars Plaintiff's First Amendment Claims. .......... 1

B. Plaintiff's Opposition to the Time-Bar to Her First and Second Causes of Action Against Defendants is Unsupported. .......... 4

C. Regardless, Defendants are Entitled to Qualified Immunity. .......... 6

II. ASSUMING DISMISSAL OF PLAINTIFF'S § 1983 CLAIMS, THE COURT SHOULD DISMISS PLAINTIFF'S REMAINING STATE LAW CLAIMS. .......... 8

III. PLAINTIFF FAILS TO SUCCESSFULLY COUNTER DISMISSAL OF HER THIRD CAUSE OF ACTION AGAINST DEFENDANTS .......... 8

IV. PLAINTIFF CONCEDES THAT HER FOURTH THROUGH SEVENTH CAUSES OF ACTION FAIL TO STATE A CLAIM. .......... 9

V. ALTERNATIVELY, PLAINTIFF FAILS TO REFUTE THE PROPRIETY OF DISMISSAL OF HER THIRD THROUGH SIXTH CAUSES OF ACTION DUE TO NONCOMPLIANCE WITH THE GTCA. .......... 10

CONCLUSION .......... 12

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. TO DISMISS

Heath v. City of Desert Hot Springs et al.
Case No. CV12-02318 PSG (OPx)

- ii -

# TABLE OF AUTHORITIES

## Cases

### Federal Cases

*Anderson v. Creighton*
483 U.S. 635, 107 S.Ct. 3034 (1987)........................................................ 7

*Ashcroft v. Iqbal*
556 U.S. 662, 129 S.Ct. 1937 (2009)........................................................ 5

*Brewster v. Bd. of Educ.*
149 F.3d 971 (9th Cir. 1988)................................................................. 6

*Brown v. Contra Costa County*
Case No C 12-1923 PJH, 2012 WL 4804862 (N.D. Cal. Oct. 8, 2012)........... 5

*Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*
344 F.3d 822, 828 (9th Cir. 2003)............................................................ 5

*Clarke v. Upton*
703 F.Supp.2d 1037 (E.D. Cal. 2010)....................................................... 11

*Dahlia v. Rodriguez*
689 F.3d 1094 (9th Cir. 2010),
*vacated* __ F.3d __, 2012 WL 6184028 (9th Cir. Dec. 11, 2012)........... 1, 2, 6

*Eng v. Cooley*
552 F.3d 1062 (9th Cir. 2009)................................................................ 2

*Eng v. County of Los Angeles*
737 F.Supp.3d 1078 (C.D. Cal. 2010) ..................................................... 5

*Ferretti v. Pfizer Inc.*
855 F.Supp.2d 1017 (N.D. Cal. 2012) ..................................................... 9

*Fogel v. Collins*
531 F.3d 824 (9th Cir. 2008)................................................................... 7

*Garcetti v. Ceballos*
547 U.S. 410, 126 S.Ct. 1951 (2006)........................................................ 2

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. TO DISMISS

Heath v. City of Desert Hot Springs et al.
Case No. CV12-02318 PSG (OPx)

- iii -

*Grizzle v. Cambra*
Case No. C 96-885 SI (PR),
1999 WL 66139 (N.D. Cal. Feb. 10, 1999) .................................................. 7

*Hanford Executive Management Employee Ass'n v. City of Hanford*
Case No. 1:11–cv–00828–AWI–DLB,
2012 WL 603222 (E.D. Cal. Feb. 23, 2012)................................................... 9

*Harlow v. Fitzgerald*
457 U.S. 800, 102 S.Ct. 2727 (1982)............................................................ 6

*Hernandez v. McClanahan*
996 F.Supp. 975 (N.D. Cal. 1998) ............................................................... 12

*Huppert v. City of Pittsburg*
574 F.3d 696 (9th Cir.2009)..............................................................2, 3, 6, 7

*Hydrick v. Hunter*
669 F.3d 937 (9th Cir. 2012)........................................................................ 5

*Jackson v. City & County of San Francisco*
Case No. C 08-02588 MEJ,
2009 WL 3072459 (N.D. Cal. Sept. 22, 2009) .............................................. 7

*Karl v. City of Mountlake Terrace*
678 F.3d 1062 (9th Cir. 2012)...................................................................... 3

*Land v. Dietz*
276 Fed.Appx. 384 (5th Cir. 2008)............................................................... 6

*Los Angeles Times v. County of Los Angeles*
956 F.Supp. 1530 (C.D. Cal. 1996) .............................................................. 8

*Malley v. Briggs*
475 U.S. 335, 106 S.Ct. 1092 (1986)............................................................ 7

*Mango v. City of Maywood*
Case No. CV 11–5641–GW(FFMx),
2012 WL 5906665 (C.D. Cal. Oct. 5, 2012).................................................. 9

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. TO DISMISS

Heath v. City of Desert Hot Springs et al.
Case No. CV12-02318 PSG (OPx)

- iv -

*Mangold v. Cal. Public Utilities Com'n*
67 F.3d 1470, 1477 (9th Cir. 1995) .......... 11

*Montes v. Quality Loan Service Corp.*
Case No. CV 09-5864 PSG (RCx),
2010 WL 114485 (C.D. Cal. Jan. 5, 2010) .......... 8

*Munoz v. Fredrick*
Case No. 09cv1303 IEG (WMc),
2010 WL 1222049 (S.D. Cal. Mar. 25, 2010) .......... 11

*Nat'l R.R. Passenger Corp. v. Morgan*
536 U.S. 101, 122 S.Ct. 2061 (2002) .......... 5

*Nazir v. County of Los Angeles*
Case No. CV 10-065546 SVW (AGRx),
2011 WL 819081 (C.D. Cal. 2011) .......... 7

*Owen v. United States*
713 F.2d 1461 (9th Cir. 1983) .......... 2

*Pearson v. Callahan*
555 U.S. 223, 129 S.Ct. 808 (2009) .......... 6

*Poindexter v. Bd. of County Com'rs of County of Sequoyah*
548 F.3d 916 (10th Cir. 2008) .......... 3

*Price v. Kelly*
847 F.Supp. 163 (D.D.C. 1994) .......... 7

*RK Ventures, Inc. v. City of Seattle*
307 F.3d 1045 (9th Cir. 2002) .......... 5

*Robinson v. York*
566 F.3d 817 (9th Cir. 2009) .......... 3

*Stichting Pensioenfonds ABP v. Countrywide Financial Corp.*
802 F.Supp.2d 1125 (C.D. Cal. 2011) .......... 8

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

*Strickland v. Los Angeles Southwest Police Dept.*
Case No. CV 10-2973-SJN (PLA),
2010 WL 3655674 (C.D. Cal. Sept. 7, 2010) .................................................. 11

*United Mine Workers of America v. Gibbs*
383 U.S. 715, 86 S.Ct. 1130 (1966)............................................................ 8

*Vierria v. Cal. Highway Patrol*
644 F.Supp.2d 1219 (E.D. Cal. 2009)........................................................... 8

*Warren v. City of Barstow*
Case No. EDCV 08-00405-SGL(OPx),
008 WL 5377656 (C.D. Cal. Dec. 15, 2008) .................................................. 9

*Watson v. California*
21 Cal.App.4th 836, 844, 26 Cal.Rptr.2d 262 (1993)...................................... 12

*Wilson v. Layne*
526 U.S. 603, 119 S.Ct. 1692 (1999)........................................................... 7-8

*Woods v. Washington*
Case No. C10–117RSM,
2011 WL 197587 (W.D. Wash. Jan. 19, 2011)................................................ 6

*Yong v. I.N.S.*
208 F.3d 1116 (9th Cir. 2000)..................................................................... 2

**State Cases**

*Ard v. County of Contra Costa*
93 Cal.App.4th 339, 112 Cal.Rptr.2d 886 (2001)........................................... 11-12

*County of Los Angeles v. Super. Ct.*
127 Cal.App.4th 1263, 26 Cal.Rptr.3d 445 (2005).......................................... 10

*County of Los Angeles v. Super. Ct.*
91 Cal.App.4th 1303, 111 Cal.Rptr.2d 471 (2001).......................................... 10

*K.J. v. Arcadia Unified School Dist.*
172 Cal.App.4th 1229, 92 Cal.Rptr.3d 1 (2009)............................................. 10

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. TO DISMISS
Heath v. City of Desert Hot Springs et al.
Case No. CV12-02318 PSG (OPx)
- vi -

*Lloyd v. County of Los Angeles*
172 Cal.App.4th 320, 90 Cal.Rptr.3d 872 (2009)........................................... 9

*McCoy v. Bd. of Supervisors*
18 Cal.2d 193, 114 P.2d 569 (1941)................................................................ 4

*Melendez v. City of Los Angeles*
63 Cal.App.4th 1, 73 Cal.Rptr.2d 469 (1998).................................................. 4

*People v. Corey*
21 Cal.3d 738, 147 Cal.Rptr. 649 (1978)......................................................... 4

*Sofranek v. Merced County*
146 Cal.App.4th 1238, 53 Cal.Rptr.3d 426 (2007)........................................... 11

**Constitution, Rules and Statutes**

**California Government Code**

CAL. GOV'T CODE §§ 900 *et seq*.............................................................. 10

CAL. GOV'T CODE § 905.............................................................................. 10

CAL. GOV'T CODE § 910.............................................................................. 10

CAL. GOV'T CODE § 911.2........................................................................... 10

CAL. GOV'T CODE § 915.2........................................................................... 11

CAL. GOV'T CODE § 945.6........................................................................... 10, 11

CAL. GOV'T CODE § 950.2........................................................................... 10

CAL. GOV'T CODE § 950.6........................................................................... 10

**California Labor Code**

CAL. LAB. CODE § 1102.5............................................................................ 8, 9

**California Penal Code**

CAL. PEN. CODE § 243 ................................................................................ 4

**Central District Local Rules**

LOCAL RULE 7-9 ........................................................................................ 8

**United States Code**

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. TO DISMISS

Heath v. City of Desert Hot Springs et al.
Case No. CV12-02318 PSG (OPx)

- vii -

28 U.S.C. § 1367 ........ 8

42 U.S.C. § 1983 ........ 1-8

**United States Constitution**

U.S. CONST., I amend. ........ 1-7

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. TO DISMISS
Heath v. City of Desert Hot Springs et al.
Case No. CV12-02318 PSG (OPx)
- viii -

# INTRODUCTION

On August 20, 2012, Defendants Anthony Sclafani and Paul Tapia ("Defendants") filed their Motion to Dismiss or Alternatively Motion for More Definite Statement ("Motion"), directed at Plaintiff Andrea Heath's ("Plaintiff") First Amended Complaint ("FAC"). Defendants' Motion seeks dismissal of the FAC's First through Seventh Causes of Action, as raised against them.[1] Plaintiff's Opposition fails to establish any legal basis for her First or Second Causes of Action under 42 U.S.C. § 1983 ("§ 1983") and the First Amendment to survive against Defendants and, in any event, Defendants are entitled to qualified immunity with respect to such claims. Plaintiff's remaining state law claims under the Third through Seventh Causes of Action similarly cannot prevail, either because of Plaintiff's own concessions or under dispositive legal authority.

# ARGUMENT[2]

## I. PLAINTIFF'S OPPOSITION DOES NOT REFUTE HER FAILURE TO STATE A FIRST AMENDMENT CLAIM AGAINST DEFENDANTS.

### A. Huppert Bars Plaintiff's First Amendment Claims.

Defendants' Motion argues that Plaintiff fails to state a First Amendment retaliation claim as a matter of law under the Ninth Circuit's then-recent opinion *Dahlia v. Rodriguez*, 689 F.3d 1094 (9th Cir. 2010), a case on all fours with that at bar. *See* Defs.' Mot. at 6:1—10:4. Subsequently, the Ninth Circuit vacated *Dahlia* to hear the case *en banc*. *See* __ F.3d __, 2012 WL 6184028 (9th Cir. Dec. 11, 2012). Plaintiff jumps on this development, arguing that her First Amendment claims must survive the Motion. Pl.'s Opp'n at 16:1—17:3. Plaintiff's arguments are unavailing.

---

[1] Co-Defendant City of Desert Hot Springs ("City"), and individual Co-Defendants Patrick Williams, Edwin Smith, Kate Singer, Jason Simpson, Rick Daniels, Gabriella Mendoza and Gustavo Paiz ("Co-Defendants") Motion to Dismiss is also currently pending before the Court, which these Defendants hereby join.

[2] Defendants' argument I.B. in the Motion still stands. *See* Defs.' Mot. at 4:20—5:24. Plaintiff's only timely and arguable relevant allegations regarding Defendants are conclusory and legally deficient. *See* Part I.B., *infra*.

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

While *Dahlia* has been vacated, the opinion followed an earlier case equally binding here, *Huppert v. City of Pittsburg*, 574 F.3d 696 (9th Cir.2009). In *Huppert*, the Ninth Circuit determined that for purposes of the *Garcetti v. Ceballos*, 547 U.S. 410, 420-24, 126 S.Ct. 1951, 1959-62 (2006) public employee speech claim analysis (*see Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009)) and First Amendment retaliation claims by California police officers:

> Though Huppert argues that he was repeatedly informed by the FBI that his investigatory work was outside his duties as a police officer, this is not enough to overcome California's jurisprudence defining such duties. It is clear that in California a police officer's official duties include investigating corruption, so as to "prevent[ ] the commission of crime, . . . [and] assist [ ] in its detection." While we do not know the contents of any speech that Huppert made, we do know that such conversations with the FBI would have been to "disclos[e] all information known to [Huppert]" regarding the alleged acts of corruption within the PPD. This obviously encompasses his duty to uphold the law specifically entrusted to California's peace officers.

*Huppert*, 574 F.3d at 707. The *Huppert* court reached the same conclusion with respect to the plaintiff's retaliation claim for testimony before the grand jury, as framed by California law's parameters of California police officer job duties. *See id.* at 707-08.

Thus, the vacating of *Dahlia* does nothing with regard to the binding precedent of *Huppert*, which this Court must follow. *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) ("once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority"); *see also Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983) (Ninth Circuit's interpretation of state law remains binding "in the absence of any subsequent indication from the state courts that our interpretation was incorrect"). And Plaintiff's purported speech/petition activities (complaints to and cooperation with the U.S. Attorneys' Office, Department of

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. TO DISMISS
Heath v. City of Desert Hot Springs et al. Case No. CV12-02318 PSG (OPx)
- 2 -

Justice, and FBI, grand jury testimony, and deposition testimony—*see* Defs.' Mot. at 7:8-27), all fall directly under the reach of *Huppert's* holding, which addressed cooperation with the FBI purportedly outside the normal course of the plaintiffs' police work as well as grand jury testimony. *See Huppert*, 574 F.3d at 706-08.

Plaintiff's several attempts to distinguish and refute *Huppert* go nowhere. First, Plaintiff asserts that *Robinson v. York*, 566 F.3d 817 (9th Cir. 2009) is controlling, not *Huppert*, and *Huppert* could not overrule *Robinson*. Pl.'s Opp'n at 14:5—18:9. In reality, *Huppert* expressly addressed *Robinson*, distinguishing the case on its facts and procedural setting (*Huppert*, 574 F.3d at 704 n.4); moreover, *Robinson* is a "qualified immunity case" as opposed to *Huppert*, the latter of which holds that Plaintiff's alleged protected activities here are part of a police officer's job duties, and therefore do not receive protection for purposes of First Amendment retaliation claims. *Compare Huppert*, 574 F.3d at 702-703, 706-08 *with Robinson*, 566 F.3d at 821 823-24. Second, contrary to Plaintiff's position, whatever Plaintiff takes away from *Robinson*, *Huppert's* applicable holding is one as a matter of law that cannot be disavowed when on point for this case (*see Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1071 n.4 (9th Cir. 2012)); and is consistent with the fact that if California police officers have indisputable duties under California law (as a factual matter outlined in judicial precedent), this Court may now properly resolve the issue of whether Plaintiff acted as a private citizen or public employee, i.e., whether Plaintiff's activities are protected and can underpin First Amendment claims, as a matter of law (*see id.* at 1071; *accord Poindexter v. Bd. of County Com'rs of County of Sequoyah*, 548 F.3d 916, 920 (10th Cir. 2008)).

Third, while Plaintiff contends her post-September 28, 2011 deposition testimony in a civil case is a protected activity outside of her job duties, as explained in further detail below, there are no *actionable* allegations of retaliation in the FAC regarding Defendants that occurred *on or after* this date (*see* Part I.B., *infra*), and therefore no causal nexus for Plaintiff's First Amendment retaliation claims to survive against Defendants.

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. TO DISMISS
Heath v. City of Desert Hot Springs et al.
Case No. CV12-02318 PSG (OPx)
- 3 -

Fourth, Plaintiff's reliance on *People v. Corey*, 21 Cal.3d 738, 147 Cal.Rptr. 649 (1978) and *McCoy v. Board of Supervisors*, 18 Cal.2d 193, 114 P.2d 569 (1941) is unconvincing. *Corey* did not involve actions by a police officer like Plaintiff here where she, consistent with her legally prescribed job duties, cooperated in criminal investigations and prosecution, and testified to facts within her knowledge. Instead, *Corey* involved the narrow issue of a criminal defendant's conviction for battery on an off-duty police officer under California Penal Code § 243. *See Corey*, 21 Cal.3d at 741, 745-46. Moreover, the Legislature subsequently abrogated *Corey* in part through revisions to the law to reinstate certain contrary judicial interpretations existing prior to the decision. *See Melendez v. City of Los Angeles*, 63 Cal.App.4th 1, 9-13, 73 Cal.Rptr.2d 469 (1998). *McCoy* involved the analysis of a legal issue under the California Constitution far afield from that here. *See McCoy*, 18 Cal.3d at 194-98. More importantly, contrary to any allegations in the FAC by Plaintiff, while the subject employee in *McCoy* was on leave of absence of military duty, he was "not performing any of the duties or exercising any of the powers of that office, or performing any state or county function, or claiming or drawing any compensation." *McCoy*, 18 Cal.3d at 197. Set in an entirely different context, Plaintiff here was performing duties of her position as a California police officer, and was receiving the benefits of *her ongoing employment with the City* when on any form of identified leave. *See* FAC ¶¶ 73, 76-77, 90.

As a result, the Court should dismiss Plaintiff's First Cause of Action, for which she cannot state a *prima facie* case in the absence of protected speech. Because Plaintiff provides no authority to contradict the proposition that the same analysis applies to her First Amendment speech and petition claims, Plaintiff's Second Cause of Action should be dismissed on the same grounds. *See* Defs.' Mot. at 10:5—11:10.

**B. Plaintiff's Opposition to the Time-Bar to Her First and Second Causes of Action Against Defendants is Unsupported.**

Even if Plaintiff arguably states a claim against Defendants under the First or Second Causes of Action, such claims are time-barred. *See* Defs.' Mot. 11:11—12:18.

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. TO DISMISS
Heath v. City of Desert Hot Springs et al. Case No. CV12-02318 PSG (OPx)
- 4 -

Plaintiff is correct that a two-year (as opposed to a one-year) statute of limitations applies to such claims. Plaintiff is incorrect, however, with regard to application of the "discrete act" limitation for discrimination and retaliation claims under *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S.Ct. 2061, 2073 (2002) to § 1983 claims, and Plaintiff thus lacks timely allegations on which to pin such claims against Defendants.

Plaintiff argues that the Ninth Circuit opinion in *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003), which held that *Morgan's* "discrete act" limitation applied to § 1983 claims, is in error. *See* Pl.'s Opp'n at 20:1-23. There is simply no question that the holding in *Carpinteria* that *Morgan's* "discrete act" limitation applies to § 1983 claims is controlling. *See Eng v. County of Los Angeles*, 737 F.Supp.3d 1078, 1097-99 (C.D. Cal. 2010); *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir. 2002); *Brown v. Contra Costa County*, Case No C 12-1923 PJH, 2012 WL 4804862, at *7 (N.D. Cal. Oct. 8, 2012).

Because Plaintiff cannot rely on the continuing violation doctrine, the filing of her original Complaint on March 19, 2012 permits her to reach back to discrete acts of alleged retaliation within the preceding two years, to March 18, 2010. However, neither the FAC (nor Plaintiff's recitation of purported relevant facts in her Opposition) include any concrete, timely allegations of acts committed by Defendant Sclafani that could support a § 1983 retaliation claim. To the extent the FAC includes one alleged incident on March 18, 2010, that Defendant Sclafani *purportedly condoned* (*see* FAC ¶¶ 192-95; Pl.'s Opp'n at 7:15.5-18.5), such a conclusory allegation is not entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S.Ct. 1937 (2009); *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) ("The absence of specifics is significant because, to establish individual liability under . . . § 1983, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' . . . In short, Plaintiffs' 'bald' and 'conclusory' allegations are insufficient to establish individual liability under . . . § 1983.").

///

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. TO DISMISS
Heath v. City of Desert Hot Springs et al.
Case No. CV12-02318 PSG (OPx)
- 5 -

In terms of Defendant Tapia, there are two arguably timely allegations: that on February 9 and 13, 2012, respectively, he contacted her by phone, email or text to dissuade her from testifying in Defendant Sclafani's pending federal criminal trial. *See* FAC ¶¶ 283, 286; Pl.'s Opp'n at 10:14-18.5. These bare and trivial allegations, considering Defendant Tapia's non-supervisory capacity, cannot establish § 1983 liability against him. *See Land v. Dietz*, 276 Fed.Appx. 384, 387 (5th Cir. 2008) ("In the employment context, the actions of ordinary, non-supervisory employees are not typically a basis for a [retaliation] claim."); *Woods v. Washington*, Case No. C10–117RSM, 2011 WL 197587, at *8 (W.D. Wash. Jan. 19, 2011) (noting that even "*supervisor's* attempt to dissuade plaintiff from filing . . . complaint . . ." not adverse action for purposes of retaliation) (emphasis added & citation omitted). As such, the FAC lacks sufficient allegations on which to base any § 1983 retaliation liability on either of Defendants.

**C. Regardless, Defendants are Entitled to Qualified Immunity.**

Defendants' Motion alternatively seeks dismissal of Plaintiff's First and Second Causes of Action on the basis of qualified immunity. *See* Defs.' Mot. at 11 n.3. The issuance and then vacating of *Dahlia* for consideration *en banc*, coupled with *Huppert*, indisputably confirm that Defendants are entitled to qualified immunity with respect to the First and Second Causes of Action.

Under the two-prong inquiry required for qualified immunity (*see Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808, 818 (2009)), Part I.A., *supra*, addresses whether Plaintiff's constitutional rights have been violated at all—which they have not. Less controversial, under the second part of the qualified immunity analysis, the law was not "clearly established" that Plaintiff's operative First Amendment allegations could have given rise to liability against Defendants. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982); *see also Brewster v. Bd. of Educ.*, 149 F.3d 971, 977 (9th Cir. 1988) ("qualified immunity provides a protection to government officers that is quite far-reaching . . .). "To be clearly established, the 'contours of the right must be sufficiently clear that a reasonable official understand that what he is doing violates that

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

right.'" *Nazir v. County of Los Angeles*, Case No. CV 10-065546 SVW (AGRx), 2011 WL 819081, at *10 (C.D. Cal. 2011) (citing *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987)). There must be a parallel fact pattern to alert an officer that certain actions will violate an existing constitutional right. *See id.* (citing *Fogel v. Collins*, 531 F.3d 824, 833 (9th Cir. 2008)). Ultimately, "if officers of reasonable competence could disagree on [the] issue, immunity should be recognized." *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986)).

In this instance, *Huppert* protects against a finding of liability against Defendants (*see* Part I.A., *supra*)—so much so that the Ninth Circuit in *Dahlia* (which is on all fours with this case) at least initially determined that the plaintiff police officer's First Amendment claims were barred by *Huppert*. *See* Defs.' Mot. at 6:13—10:4. While the Ninth Circuit has vacated *Dahlia* for consideration *en banc*, the mere issuance of the original opinion solidifies that Plaintiff's claimed First Amendment rights are *not* clearly established so to preclude qualified immunity for Defendants. *See Jackson v. City & County of San Francisco*, Case No. C 08-02588 MEJ, 2009 WL 3072459, at *13 (N.D. Cal. Sept. 22, 2009) (that decision on point pending on appeal when alleged violative conduct took place shows law unsettled, not clearly established, and qualified immunity appropriate); *cf. Price v. Kelly*, 847 F.Supp. 163, 169 (D.D.C. 1994) ("A vacated split decision is the closest any court in this circuit has come to establishing a liberty interest in internal prison regulations. Therefore, defendants are entitled to the qualified immunity defense regardless of the court's ruling on the existence of a liberty interest.").

These factors are the hallmark of unsettled legal territory, for which the grant of qualified immunity is intended. *See Grizzle v. Cambra*, Case No. C 96-885 SI (PR), 1999 WL 66139, at *7 (N.D. Cal. Feb. 10, 1999) (granting qualified immunity and reasoning, "[t]he split of authority concerning the need for a plaintiff's constitutionally protected activities to be chilled or deterred in order for him to have an actionable claim for retaliation shows that the law was not clearly established . . ."); *see also Wilson v. Layne*,

///

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. TO DISMISS
Heath v. City of Desert Hot Springs et al.
Case No. CV12-02318 PSG (OPx)
- 7 -

526 U.S. 603, 617, 119 S.Ct. 1692 (1999). This Court should thus grant qualified immunity to Defendants for Plaintiffs' First and Second Causes of Action under § 1983.

**II. ASSUMING DISMISSAL OF PLAINTIFF'S § 1983 CLAIMS, THE COURT SHOULD DISMISS PLAINTIFF'S REMAINING STATE LAW CLAIMS.**

As set forth in Defendants' Motion, and as is black letter law under 28 U.S.C. § 1367, if this Court dismisses Plaintiff's claims against Defendants for which this Court has original jurisdiction (i.e., Plaintiff's First and Second Causes of Action under § 1983), this Court should dismiss Plaintiffs' supplemental state law claims as well. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130 (1966); *e.g.*, *Los Angeles Times v. County of Los Angeles*, 956 F.Supp. 1530, 1541 (C.D. Cal. 1996).

**III. PLAINTIFF FAILS TO SUCCESSFULLY COUNTER DISMISSAL OF HER THIRD CAUSE OF ACTION AGAINST DEFENDANTS.**

Defendants' Motion explains that Plaintiff's Third Cause of Action is doomed against them in their individual capacities because they are not "employers" and retaliation claims under California Labor Code § 1102.5 ("§ 1102.5") are only viable against *employers*. *See* Defs.' Mot. at 13:88—14:15.[3] Plaintiff fails to address this argument at all (*see* Pl.'s Opp'n at 10:20—23:15), and has waived any opposition to this ground for dismissing the Third Cause of Action. *See Stichting Pensioenfonds ABP v. Countrywide Financial Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011); *Montes v. Quality Loan Service Corp.*, Case No. CV 09-5864 PSG (RCx), 2010 WL 114485, at *3 (C.D. Cal. Jan. 5, 2010); *see also* LOCAL RULE 7-9. As a result, not only is the Third Cause of Action not viable against Defendants in their individual capacities (see *Vierria v. Cal. Highway Patrol*, 644 F.Supp.2d 1219, 1244 (E.D. Cal. 2009)), but Plaintiff has waived any opposition to this dispositive legal proposition.

Plaintiff's argument in opposition to Defendants' alternative basis for dismissal of this claim is also unavailing. Defendants' Motion posits that Plaintiff's failure to exhaust

---

[3] Plaintiff's Opposition specifies that all claims against Defendants in the FAC are raised against Defendants in their individual capacities, as opposed to official capacities. Pl.'s Opp'n at 10:25—11:3.

LOZANO SMITH
515 South Figueroa Street, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

administrative remedies bars the Third Cause of Action. *See* Defs.' Mot. at 14:16—15:28. Plaintiff's Opposition takes the briefly-stated position that *Lloyd v. County of Los Angeles*, 172 Cal.App.4th 320, 90 Cal.Rptr.3d 872 (2009), defeats Defendants' argument. *See* Pl.'s Opp'n at 25:5-9. Not so.

The *Lloyd* court's rationale and holding that exhaustion of administrative remedies is unnecessary for initiating an action for whistleblower retaliation under § 1102.5 has been discredited by federal district courts throughout California. *See Ferretti v. Pfizer Inc.*, 855 F.Supp.2d 1017, 1024 (N.D. Cal. 2012) ("since *Campbell* was decided in 2005, 'courts in this district have uniformly held that claims under section 1102.5 must first be presented to the Labor Commissioner' before a court can consider them"); *Hanford Executive Management Employee Ass'n v. City of Hanford*, Case No. 1:11–cv–00828–AWI–DLB, 2012 WL 603222, at *17 (E.D. Cal. Feb. 23, 2012); *Warren v. City of Barstow*, Case No. EDCV 08-00405-SGL(OPx), 2008 WL 5377656, at *1 (C.D. Cal. Dec. 15, 2008); *but see Mango v. City of Maywood*, Case No. CV 11–5641–GW(FFMx), 2012 WL 5906665, at *13 (C.D. Cal. Oct. 5, 2012). As such, Plaintiff cannot proceed under her Third Cause of Action against Defendants because she did not exhaust her administrative remedies under the Labor Code. *See* FAC ¶¶ 301-06; Defs.' Mot. at 14:16—15:28.[4]

## IV. PLAINTIFF CONCEDES THAT HER FOURTH THROUGH SEVENTH CAUSES OF ACTION FAIL TO STATE A CLAIM.

Defendants' Motion separately explained that Plaintiff's Fourth through Seventh Causes of Action, respectively, were inappropriate against Defendants because such claims do not lie against individuals or individual supervisory employees, or non-

---

4 Although not cited in Plaintiffs' Opposition, Plaintiff's Request for Judicial Notice includes a letter from the California Department of Industrial Relations, Division of Labor Standards Enforcement. *See* Pl.'s RJN, Ex. C. The subject letter sets forth an apparent interpretation of certain statutory provisions by a staff attorney for the California Labor Commission. The attorney's interpretation simply does not overcome the contrary judicial precedent on point.

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

employers. *See* Defs.' Mot. at 16:1—17:24, 21:1—22:2. Defendants are indisputably City *employees* (FAC ¶¶ 6, 15), not employers, and therefore Plaintiff's *Tameny*, POBR and FEHA claims will not lie against them. Plaintiff raises no opposition to these points.

## V. ALTERNATIVELY, PLAINTIFF FAILS TO REFUTE THE PROPRIETY OF DISMISSAL OF HER THIRD THROUGH SIXTH CAUSES OF ACTION DUE TO NONCOMPLIANCE WITH THE GTCA.

As set forth in Defendants' Motion, assuming *arguendo* that the Third through Sixth Causes of Action could legitimately proceed against Defendants, such claims should still be dismissed because Plaintiff fails to allege compliance with the California Government Tort Claims Act ("GTCA"), California Government Code §§ 900 *et seq.* While Plaintiff attempts to stave off this sound basis for dismissing such claims, her argument is both unpersuasive and legally deficient.

Defendants' Motion sets out the applicable law regarding the required submission of a claim with the City before initiating legal action. *See* Defs.' Mot. at 18:1—20:28; *see also* CAL. GOV'T CODE §§ 905, 910, 911.2, 945.6, 950.2, 950.6. On December 30, 2010, Plaintiff submitted her original Government Claim in this matter to the City. *See* Defs. Request for Judicial Not. in Supp. of Mot. ("Defs.' RJN"), Ex. B. The original Government Claim expressly included acts of alleged harassment and retaliation dating from February 2005 to the date of the claim's submittal. Defs.' RJN, Ex. B at 1-2. On February 11, 2011, the City formally rejected the original Government Claim. Defs.' RJN, Ex. C. By operation of law, once the City rejected Plaintiff's original Government Claim, Plaintiff had six months, i.e., on or before August 11, 2011, to file suit on the allegations encompassed, or which should have been encompassed in the claim. *See* CAL. GOV'T CODE § 945.6(a)(1); *see also K.J. v. Arcadia Unified School Dist.*, 172 Cal.App.4th 1229, 1238, 92 Cal.Rptr.3d 1 (2009); *County of Los Angeles v. Super. Ct.*, 127 Cal.App.4th 1263, 1270-71, 26 Cal.Rptr.3d 445 (2005).[5] Not until March 19, 2012

---

[5] *See County of Los Angeles v. Super. Ct.*, 91 Cal.App.4th 1303, 1313-14, 111 Cal.Rptr.2d 471 (2001) (no discretion to consider untimely allegations/claims under Cal. Gov't Code § 911.2 where application to file late claim never filed with public agency).

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. TO DISMISS

Heath v. City of Desert Hot Springs et al. Case No. CV12-02318 PSG (OPx)

- 10 -

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

did Plaintiff tardily file her original Complaint, thus barring any state law claim for money or damages relating to the allegations in the original Government Claim, stringing from February 2005 to December 20, 2010. *See* Defs.' RJN, Ex. B (first page) ("Date of Occurrence: February 2005 - Present"); CAL. GOV'T CODE § 945.6; *Munoz v. Fredrick*, Case No. 09cv1303 IEG (WMc), 2010 WL 1222049, at *6 (S.D. Cal. Mar. 25, 2010); *see also Mangold v. Cal. Public Utilities Com'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

Plaintiff purportedly submitted both a second and then amended Government Claim to the City via U.S. mail on March 28 and 30, 2012, respectively. Pl.'s RJN, Ex. A (third to last page), Ex. B (second to last page). As set forth in the actual claim form, the amended Government Claim purports to cover a timeframe between April 11, 2007 and October 21, 2011. Pl.'s RJN, Ex. B at 1; *see also* CAL. GOV'T CODE § 915.2(a) (claim considered submitted upon deposit in U.S. mail). Attachment A to the amended Government Claim identify allegations and events dating from June 1996 through February 29, 2012. *See* Pl.'s RJN, Ex. B, Attachment A. Plaintiff's second and amended Government Claims are only effective for allegations taking place within the six months preceding the submittal of the second claim, thus limiting viable allegations in the amended Government Claim to those taking place on or after September 28, 2011. *See* Pl.'s RJN, Ex. A (last page); CAL. GOV'T CODE § 911.2(a); *see Strickland v. Los Angeles Southwest Police Dept.*, Case No. CV 10-2973-SJN (PLA), 2010 WL 3655674, at *6 (C.D. Cal. Sept. 7, 2010). The amended Government Claim cannot "revive" allegations from the original Government Claim upon which Plaintiff failed to timely initiate legal action. *See Sofranek v. Merced County*, 146 Cal.App.4th 1238, 1246-48, 1251-52, 53 Cal.Rptr.3d 426 (2007); *Clarke v. Upton*, 703 F.Supp.2d 1037, 1043-47 (E.D. Cal. 2010).

The proper scope of Plaintiff's amended Government Claim in mind, there are *no timely allegations* in the Government Claim or the FAC relative to Defendant Sclafani during the time period of September 28, 2011 through March 30, 2012, thus eliminating any actionable basis for liability against him under Plaintiff's state law claims. *See* FAC ¶¶ 266-88; *Ard v. County of Contra Costa*, 93 Cal.App.4th 339, 343, 112 Cal.Rptr.2d 886

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

(2001) (citations omitted); *see also Hernandez v. McClanahan*, 996 F.Supp. 975, 977 (N.D. Cal. 1998). The only timely allegations against Defendant Tapia in the FAC or the amended Government Claim relate to purported emails and text messages, and then later a phone call, from Defendant Tapia to Plaintiff on February 6 and 13, 2012, respectively. *See* FAC ¶¶ 283, 286; Pl.'s RJN, Ex. B. These allegations state nothing other than the fact that Defendant Tapia had attempted to dissuade Plaintiff from testifying in Defendant Sclafani's then pending federal criminal trial, and otherwise unsupported assertion that these communications made her "fear for her life and safety." *See* FAC ¶¶ 283, 286. Such bare allegations are legally insufficient to prevail on any theory of state law liability against Defendant Tapia raised in the FAC.

Thus, to the extent that Plaintiff was required to submit a timely Government Claim regarding her Third through Sixth Causes of Action (*see* Defs.' Mot. at 19:11-19), and there are no actionable allegations in Plaintiff's second amended Government Claim in this regard against Defendants, this Court should dismiss those claims against Defendants. *See Watson v. California*, 21 Cal.App.4th 836, 844, 26 Cal.Rptr.2d 262, 266-67 (1993) (complaint and/or claims subject to dismissal where alleged basis for recovery which not fairly reflected in written government claim).

## CONCLUSION

Based upon the foregoing and the reasons set forth in Defendants' Motion, Defendants request that the Court grant their Motion to Dismiss.

Dated: January 16, 2013

Respectfully submitted,

**LOZANO SMITH**

/s/ Gregory A. Wedner
GREGORY A. WEDNER
MARK K. KITABAYASHI
SLOAN R. SIMMONS
Attorneys for Defendants
Anthony Sclafani and Paul Tapia

LOZANO SMITH
515 South Figueroa Streett, Suite 750 Los Angeles, CA 90071
Tel 213-929-1066 Fax 213-929-1077

DEFS.' MEM. PS. & AS. IN SUPP. OF REPLY TO PL.'S OPP'N TO MOT. TO DISMISS

Heath v. City of Desert Hot Springs et al.
Case No. CV12-02318 PSG (OPx)

- 12 -